DAVID WOLFF v. MAUD M. MEYER.

Argued February 21, 1907—Decided June 10, 1907.

1. A married woman who signs, but does not acknowledge in the statutory form, a written agreement to convey her lands, in which her husband does not join, is liable in an action at law for damages for failure to convey.

2. Where one agrees to convey land, and before the day for performing the contract arrives conveys the land to another than the vendee, the vendee may treat the conveyance as a repudiation of his contract, and sue at once. He need not wait until the day for performance, nor tender the purchase price.

3. Evidence of the price at which the land is actually sold is relevant upon the question of market value at the time.

On appeal from Elizabeth District Court.

Before Justices GARRISON, SWAYZE and TRENCHARD.

For the plaintiff-respondent, *Samuel Koestler.*

For the defendant-appellant, *Jeremiah A. Kiernan* and *Clarence D. Meyer.*

The opinion of the court was delivered by

SWAYZE, J. This is an action against a married woman to recover damages for breach of a written contract to convey land in which her husband did not join. Her signature was not acknowledged. The contract bears date October 23d, 1905, and the balance of the purchase-money, after deducting a deposit, was to be paid December 1st, 1905; prior to that

time Mrs. Meyer conveyed the property to one Levinson, by deed dated October 18th, acknowledged October 31st, and recorded November 6th, 1905. This suit was begun November 25th, 1905.

Two defences are relied upon—that a married woman cannot bind herself by a contract to convey land, and that the plaintiff was in default because he failed to tender the balance of the purchase price.

Prior to the legislation of 1874 a married woman could not, by her own act, bind herself to convey her land. *Pentz* v. *Simonson, 2 Beas.* 232. By the fifth section of the revision of 1874 (*Rev., p.* 637) she was authorized to bind herself by contract in the same manner and to the same extent as though she were unmarried, with certain exceptions not material to the present case, but section 14 (*Rev., p.* 639) provided that nothing contained in the act should enable any married woman to execute any conveyance of her real estate, or any instrument encumbering the same without her husband joining therein as theretofore.

The present case presents the question which was left undecided in *Lorillard* v. *Union Brick and Tile Manufacturing Co.,* 18 *Stew. Eq.* 289, whether a married woman can enter into a contract for the sale of her real estate apart from her husband.

The language of the fifth section is broad enough to cover the present case, unless it is modified by the fourteenth section, and the construction thus far put upon the act by the courts has favored the power of the wife to contract as a *feme sole.* In *Sullivan* v. *Barry,* 17 *Vroom* 1; *affirmed,* 18 *Id.* 339, it was held that the wife could, without the co-operation of her husband, create a term of five years in her lands, and Chief Justice Beasley said: "The leading object of the statute is to give the married woman her property, both real and personal, as though she were a *feme sole,* and to clothe her with all the rights and authorities requisite for its possession, enjoyment and disposition, and it is indisputable that she is to have the exclusive use and benefit of her realty as though she had no husband."

The exceptions to the wife's power in section 14 are conveyances of the real estate and instruments encumbering the same. An agreement to convey is obviously not a conveyance. Is it an instrument encumbering the real estate? If we adopt the view of Chief Justice Beasley in Sullivan *v.* Barry, which was expressly approved by the Court of Errors and Appeals, that "encumber" is used in its ordinary and not its technical meaning, it is fair to say that an agreement to convey is no more an encumbrance than was the term of years in that case. We might rest the case upon the construction there adopted which limited the encumbrances meant by the statute to mortgages or similar burdens, but there is an additional reason for the same result growing out of the language of the act respecting conveyances. *Pamph. L.* 1898, *p.* 670. Section 39 enacts that no estate or interest of a *feme covert* in any lands shall pass by her deed or conveyance without a previous acknowledgment in a prescribed form, and adds these words which were not contained in the act prior to the revision of 1898: "Every deed or instrument of the nature or description set forth in the twenty-first section of this act [which includes agreements for sale] heretofore or hereafter executed by her and so acknowledged and certified as aforesaid shall be good and effectual to convey or affect the lands, tenements or hereditaments, or other property, or her interest therein, thereby intended to be conveyed or affected." This provision was inserted in the statutes shortly after the decision in *Corby* v. *Drew*, 10 *Dick. Ch. Rep.* 387, which held the wife's contract to convey to be unenforceable. Since the act of 1898 it has been held that specific performance will be decreed of the contract of a married woman where she has acknowledged it as required by the act (*Goldstein* v. *Curlis*, 18 *Id.* 454; *affirmed*, 20 *Id.* 382), and that it will not be decreed if the agreement is not acknowledged. *Schwarz* v. *Regan*, 19 *Id.* 139; *Ten Eyck* v. *Saville, Id.* 611. In the latter case Vice Chancellor Stevens referred to the act of 1898 and said: "The carefully-guarded declaration that no interest of a *feme covert* should pass by deed unless acknowledged in a certain

way, coupled with a declaration that certain instruments so acknowledged should pass or affect her lands, indicates very clearly that it was the legislative intent that instruments not so acknowledged should not affect her lands." We agree with this view. An agreement to convey not acknowledged therefore does not encumber the lands and is not within the exception of section 14 of the Married Women's act.

It was suggested, but not decided, in Corby v. Drew, that if a married woman could not convey without the concurrence of her husband, she could not agree to convey without that concurrence. The impossibility of performance of a contract to convey made by a married woman alone is, however, not strictly speaking, an impossibility in law such as would make the contract void. It is an impossibility which may or may not arise, and is dependent on the will of her husband. One authorized to contract may make a valid contract although the possibility of its performance depends on the will of another. An example is a contract by a lessee to assign his lease, although it contains a covenant not to assign without license. *Lloyd* v. *Crispe*, 5 *Taunt.* 249. Other cases are cited in the dissenting opinion of the present Chancellor in *Chism* v. *Schipper*, 22 *Vroom* 1, 18.

It is not necessary to dwell upon this point, since a similar question has been decided by the Court of Errors and Appeals. In *Brown* v. *Honniss*, 41 *Vroom* 260, the plaintiff sought to recover damages for breach of a contract to convey land. The defendant was unable to make a clear title because of his wife's inchoate right of dower, but it was not suggested that such an impossibility of performance relieved him from liability to action.

We think the fact that the defendant is a married woman is no defence to this action.

The second ground of defence is that the plaintiff's action was brought before the time for performance of the contract had come and without tendering the balance of the purchase-money. It is sufficient to say that the action was not brought until the defendant had, by the conveyance to Levinson, put

it out of her power to perform her contract with the plaintiff. It would have been nugatory for him to wait until December 1st and then tender the balance of the purchase price. The conveyance to Levinson was an effectual repudiation of the contract with Wolff, and he had the right to bring suit at once. *O'Neill* v. *Supreme Council, American Legion of Honor,* 41 *Vroom* 410.

The brief for the appellant complains of the action of the trial judge in awarding damages equal to the difference between the agreed purchase price and the price paid by Levinson. The record, however, shows that no question was raised before the trial judge as to the measure of damages, and there is no determination in point of law in this respect presented for review. The record shows, however, that objection was made to Levinson's testimony on this subject "as not a fair question for the measure of damages." Whether the evidence was competent depends upon whether the circumstances of the case were such as to bring it within the rule of *Gerbert* v. *Trustees,* 30 *Vroom* 160, or of *Brown* v. *Honniss, supra.* The facts seem to bring the case within the latter rule. The only difficulty in the way of the defendant, if she desired to perform her contract, was the necessity of having her husband join in the deed; he did join in a deed to Levinson only eight days after the contract with the plaintiff, and the fact that this deed was dated back to October 18th, five days before the contract, is suspicious. If the rule of Brown *v.* Honniss is applicable, Levinson's testimony was admissible. Although the bargain with Levinson was not the plaintiff's bargain, still the actual price which the land brought at the very time in question was relevant upon the question of market value.

We find no error and the judgment is affirmed, with costs.