[No. 7495.   Decided March 29, 1909.]

CHESTER A. PALMER, *Appellant*, v. BARNETT J. CLARK *et al.*,
*Respondents.*[1]

VENDOR AND PURCHASER—OPTION—ACTION FOR DAMAGES—COM-
PLAINT—AMENDMENT—TENDER OF PERFORMANCE. In an action for
damages for breach of an option contract to sell land, sold by de-
fendants to a third party before expiration of the option, it is error
to require the complaint to be amended to show what tender of per-
formance was made by plaintiff; since tender was not necessary
after defendants had incapacitated themselves from performing.

SAME—PLEADINGS—AMENDMENT — DEPARTURE — ABANDONMENT OF
CAUSE. An amended complaint in an action for damages for breach
of an option contract to convey land (required by the court to show
a tender of performance by plaintiff) is not an abandonment of the
original cause of action by reason of its showing certain new pro-
posals relating to the purchase price, and a tender thereof by plain-
tiff, where the amended complaint set up the same contract as the
original complaint, and alleged the same breach by the defendants'
conveyance to a third party before expiration of the option.

SAME—OPTION—PAYMENT OF CONSIDERATION—EVIDENCE—SUFFI-
CIENCY. Upon an issue as to the payment of $50 for an option, the
evidence conclusively shows that the payment was made, where
the defendants drew therefor and the same was paid through banks
and deposited to defendants' credit, and the defendants' attorney
was authorized to, and did, write a letter acknowledging the deposit
and offering repayment upon a return of the option.

SAME—DEFENSES—PURCHASER'S INABILITY TO PERFORM. Financial
inability of the plaintiff to pay the purchase price is not a good de-
fense to an action for damages for the breach of an option given
upon defendants' land, subsequently sold by defendants to a third
party before expiration of the option.

Appeal from a judgment of the superior court for King
county, Albertson, J., entered January 30, 1908, granting
a nonsuit at the close of plaintiff's case, dismissing an action
on contract, after a trial before the court without a jury.
Reversed.

*Henry R. Harriman, Clay Allen,* and *Walter M. French,*
for appellant.

*Hayden & Langhorne,* for respondents.

[1]Reported in 100 Pac. 749.

DUNBAR, J.—This is an action for damages for a breach of contract to sell under an option agreement. The complaint was the ordinary complaint in such cases, alleging the option and setting it out as an exhibit in the case; alleging that the plaintiff had elected to take the land under the option, the value of the land, the refusal of the defendants to comply with the option, and that the defendants had, before the expiration of the option, sold the land to a third party, thereby incapacitating themselves from performing their contract. The plaintiff was required, on motion of the defendants, to amend his complaint by alleging what was done by the plaintiff in the way of tender during the sixty-five days within which he could exercise his option, and an amended complaint was filed. This complaint, after having been assailed by some motions which were allowed, was answered; which answer admitted the signing of the option contract, but denied that the plaintiff or any other person paid the defendants the sum of $50, or any other sum, for signing said paper writing; also admitting that, since the signing of the alleged option agreement, defendants had sold the property described.

For a second defense, the answer admitted the execution of the option agreement, and the execution and transmission of the same to the plaintiff, and that the plaintiff neglected and refused to accept said paper writing, or to pay defendants the sum of $50, or any part thereof; and alleged that the plaintiff, at all times in said amended complaint and the answer mentioned, was financially unable to purchase said premises, was in all respects financially irresponsible, was not possessed of sufficient means to purchase said premises at any time, and at the time of said paper writing secured by these defendants, plaintiff had no intention whatever of purchasing these premises. The affirmative matter in the answer was denied by the reply. At the conclusion of the plaintiff's testimony, motion for nonsuit was made by the defendants, which was granted by the court, and the cause was dismissed,

the court taking the view that, under the amended complaint, there was no longer any suit upon the option, but that another contract had been set up, and that tender under the new contract pleaded had not been made. The plaintiff asked leave to introduce testimony to meet the requirements of the court, but the court refused to allow the same to be admitted.

An investigation of this record convinces us that there has been a miscarriage of justice. As we have indicated above, the complaint was a simple action for damages for the violation of an option contract, and no amendment should have been required of the appellant. For it is too well established to warrant the citation of authority that a complaint which shows the making of a contract and the violation of the same by the defendant, and alleges the amount of damages resulting to the plaintiff from the breach, contains the essential elements of a good cause of action *ex contractu;* and that the tender of performance by one party to a contract is not necessary when the other party places himself in a position where it can be readily seen that he cannot comply with the contract, or absolutely repudiates the contract by denying its existence; this, because it is idle to compel the plaintiff to do a useless thing, and to make a tender which under the facts pleaded could not possibly be accepted.

But, considering the case on the amended complaint, we think it was too severely construed by the court, and that the complaint was not an abandonment at all of the original cause of action, but that it simply, in addition thereto, alleged stipulation in regard to the manner in which the payments were to be made under such option agreement. The amended complaint alleges the ownership of the land in the defendants; that on the 23d day of February, 1907, the defendants signed, sealed, acknowledged, and delivered their written contract, wherein they agreed to convey to the plaintiff the said real estate, in consideration of $10,000, and at the time of making said contract the plaintiff paid to the defendants the sum of $50 as consideration to said defendants

for entering into said contract, and that the contract was more particularly described and a true copy of said contract attached thereto marked Exhibit A, and made a part of the complaint. This is the same contract and the same exhibit that are set forth in the original complaint. It then alleges, that on the 21st day of March, the defendants sold said property to a third person, the option being given on February 23, and the limit of the option being sixty-five days. It is true the appellant alleges that, subsequent to the execution of the contract, the appellant had made certain proposals to the respondents in relation to the payment of the purchase price, viz., that they should accept the sum of $5,000 with mortgage back for the balance of the purchase price; and alleges that the appellant thereafter, on the 18th day of April—which was within the time of the option—tendered to the respondents the sum of $5,000, and offered to execute said mortgage. Now, because the tender of this $5,000 was not proven to the satisfaction of the court, the ruling was made and the cause dismissed. But, as we have seen, the tender was not necessary after the action of the respondents in incapacitating themselves from complying with the contract.

So far as the merits of the case are concerned, they are absolutely with the appellant; for while the respondents deny the payment of the $50 provided for by the option contract, the proof is conclusive that the payment was made, the respondents having drawn on the appellant at a bank in Centralia through his bank in Seattle, and the money having been paid to the Centralia bank and returned to the Seattle bank, the banker testifying that he notified the respondents of the payment by the appellant, and that the money was placed to their credit there. This question is also put at rest by the following letter:

"Mr. Chester Palmer, Centralia, Washington.

"Dear Sir:

"In February last you requested Mr. B. J. Clark of Seattle to give you an option on the timber tract in Lewis county. I prepared the option for Mr. Clark and I think it

was sent you through a bank here. Nothing was heard from it until quite recently. Mr. Clark concluded that you did not care to take the option up and made other arrangements about disposing of the property. The bank recently advised Mr. Clark that it had the option price for him. He directed the bank to return the money to you and take up the option. If you will kindly call at the bank where you paid the money, you can get the same back and either turn the option to the bank or return same direct to me, and oblige,

"Yours very truly, H. E. Foster."

It was admitted upon the trial that Foster had authority to write the letter for his client, the respondent in this action, and it will be noted also that the date of this letter was before the expiration of the option contract, and the deed which had been made by the respondents to the third party was also executed before the expiration of the sixty-five days provided for in the option, and was introduced in testimony. So far as the allegation of the answer is concerned, that the appellant was without capacity to carry out the provisions of his contract, that was a matter for the investigation of the respondents before they entered into the contract. The presumption, at least, must be, in the absence of any showing to the contrary, that the appellant was able to perform the conditions of his contract. It was well proven by competent testimony that the value of the land at the time of the breach of the contract was more than the purchase price.

We think the motion to dismiss the action should not have been sustained, and the judgment will therefore be reversed.

RUDKIN, C. J., MOUNT, FULLERTON, and CROW, JJ., concur.

GOSE, CHADWICK, MORRIS, and PARKER, JJ., took no part.