The judgment of the district court is affirmed.

---

No. 19,724.

ED BOOTHE AND MAGGIE BOOTHE, *Appellants*, V. ADAM DAILEY, *Appellee.*

SYLLABUS BY THE COURT.

1. SALE—*Contract for Deed—Disability of Vendor to Perform—Action for Damages.*

"Where a vendor contracts to convey real estate upon the happening of a certain condition, and then disables himself from performing his contract by making a conveyance to a third party, a cause of action immediately arises in favor of the vendee, irrespective of the question whether the condition named in the contract has happened or not." (*Tracy v. Gunn,* 29 Kan. 508, syl. ¶ 3.)

2. SAME—*Petition States Cause of Action.* Petition alleging damages examined and held good as against a demurrer.

Appeal from Johnson district court; JABEZ O. RANKIN, judge. Opinion filed December 11, 1915. Reversed.

*I. O. Pickering,* of Olathe, for the appellants.

*S. D. Scott,* of Olathe, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: On March 19, 1910, the plaintiffs, who are husband and wife, purchased from the defendant a house and lot in Westport Annex, Johnson county, and entered into possession and have occupied the premises ever since as a homestead.

The purchase price was $1250, on terms of $5 cash, $20 per month for eight months, balance $10 per month and six per cent interest. A warranty deed was to be executed and delivered to plaintiffs when the payments were completed.

On July 5, 1913, after the plaintiffs had paid $800 under this contract, the defendant secretly sold the property to a stranger by warranty deed, which deed was withheld from the record until April 28, 1914.

One month later the plaintiffs brought this action for damages, alleging these facts, and charging fraud in somewhat indefinite terms, but grounding their grievance chiefly upon the fact of defendant's conveyance to the stranger whereby he had disabled himself from performing his contract with plaintiffs. The petition also contains an allegation that the defendant's conduct has subjected the plaintiffs "to great expense in money, loss of time, labor and costs and attorney's fees." What these might be is uncertain and not very well pleaded.

A demurrer to the petition was sustained and plaintiffs appeal.

It seems to us that this petition stated a cause of action. It may be conceded, as defendant contends, that the conveyance to the stranger did not deprive the plaintiffs of their property nor the possession of it nor imperil their right of possession. It is true that appellants did not allege that they had made a demand for a conveyance nor that defendant had refused to convey. It is true, also, that they do not plead their readiness to comply with their contract. They have complied with their contract thus far; the time has not come to complete it and to make their demand. All these matters may await their time and season. Meanwhile, as conceded by the demurrer, the defendant has put it out of his power to comply with his contract. It does not affect the matter that the stranger purchased the property charged with notice of the rights of plaintiffs in possession, nor that some action for specific performance or to quiet title may yet be maintained against the defendant and the stranger when plaintiffs have completed their payments. Neither does it affect the matter that the stranger did not acquire very much as against the plaintiffs in possession by his deed from the defendant; and it may be that plain-

Orr v. Construction Co.

tiffs have not been seriously damaged by defendant's wrongdoing. Their damages may be only nominal. That depends upon the evidence. That they have been damaged as a matter of law is clear. (*Tracy v. Gunn,* 29 Kan. 508, syl. ¶ 3.)

We do not intend to intimate that the defendant could not sell or assign his interest in the property in good faith and subject to plaintiffs' rights. We only hold that the plaintiffs' petition is good against a demurrer.

This cause is reversed and remanded with instructions to set aside the judgment on the demurrer and to proceed with the cause.