No. 21,591.

MAGGIE BOOTHE, as an Individual and as Administratrix, etc.,
*Appellant*, v. ADAM DAILEY, *Appellee*.

### SYLLABUS BY THE COURT.

CONTRACT—*Conveyance of Land—Payment in Installments—Conveyance
by Vendor to Third Party—Rights of Vendee.*  Where a vendor con-
tracts to convey real property on the payment of a certain sum in in-
stallments, and is paid a number of installments, and then makes a
conveyance to a third party, the damages sustained by the vendee on
account of the conveyance may be recovered from the vendor; but,
where the third party can be compelled to perform the contract, none
of the amounts paid the vendor, and neither the value of permanent
improvements made by the vendee, nor the increase in the value of the
property, can be recovered from the vendor, unless there is a rescis-
sion of the contract.

Appeal from Johnson district court; JABEZ O. RANKIN,
judge.  Opinion filed June 8, 1918.  Affirmed.

*I. O. Pickering,* of Olathe, for the appellant.

*S. D. Scott,* of Olathe, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: Ed Boothe and Maggie Boothe commenced
this action to recover the damages sustained by them by reason
of the defendant's deeding to a third party real property which
the defendant had contracted to convey to Ed Boothe.  After-
ward Ed Boothe died.  Maggie Boothe, his wife, was ap-
pointed his administratrix, and was made a party plaintiff in
this action.  This is the second time this action has been in this
court.  (*Boothe v. Dailey,* 96 Kan. 711, 153 Pac. 551.)  In the
former opinion, it was held that, as against a demurrer, the
petition stated a cause of action.  After being remanded, the
action was tried by the court without a jury, and judgment was
rendered in favor of the plaintiffs for $25.  They appeal from
that judgment, and urge that, under the evidence, judgment
should have been rendered for a much larger amount.

The defendant contracted with Ed Boothe to convey to him
certain real property in Johnson county, on the payment of
$1,250 in monthly installments.  Payments to the amount of

$702.06 were made under that contract. The defendant, by general warranty deed, conveyed the property to H. M. Witt. Soon thereafter, Witt commenced an action in forcible detention against the plaintiffs to recover the possession of the property. The plaintiffs employed counsel, and that action was dismissed. Witt then commenced an action against Ed Boothe to recover the amount unpaid under the contract between Ed Boothe and the defendant. Judgment was rendered in favor of Witt for all the unpaid installments. Boothe appealed to this court. The action was remanded with directions to the trial court to enter judgment in favor of Witt for the installments due on the contract at the time the action was commenced. (*Witt v. Boothe,* 98 Kan. 554, 158 Pac. 851.)

The plaintiffs made lasting and valuable improvements on the property, and the property increased in value after the contract was made. The plaintiffs contend that they should have recovered judgment for the payments made, for the attorney's fees contracted or paid, for the value of the improvements made, and for the increase in the value of the property.

If the plaintiffs had rescinded the contract, they would have been entitled to restoration of the purchase money and to compensation for the improvements made by them. (*King v. Machine Co.,* 81 Kan. 809, 106 Pac. 1071; *Read v. Loftus,* 82 Kan. 485, 494, 108 Pac. 850; 39 Cyc. 1439, 1440; 2 Black on Rescission and Cancellation, §§ 441, 636.) Neither of the plaintiffs rescinded the contract with Dailey. They continued to remain in possession of the property after the defendant deeded it to Witt. They could not rescind the contract without surrendering possession of the property. (*Jeffries v. Forbes,* 28 Kan. 174; *Bell v. Keepers,* 39 Kan. 105, 17 Pac. 785; *The State, ex rel., v. Williams,* 39 Kan. 517, 18 Pac. 727; *Refrigerator Co. v. Pert,* 3 Kan. App. 364, 366; *Yaw v. Roberts,* 9 Kan. App. 135; 39 Cyc. 1424.)

Although the plaintiffs can recover the damages they have sustained by reason of the conveyance from the defendant to Witt, yet they cannot retain possession of the property, and, at the same time, recover the payments they have made under the contract; and neither can they recover the value of the improvements made by them, nor the increase in the value of the property. They cannot keep the property without paying for

it. If they keep the property, they keep the improvements made by them and reap the benefit of the increase in the value of the property. The plaintiffs kept the property. They could have compelled Witt to perform the contract they made with Dailey. (*Boothe v. Dailey,* supra; *Witt v. Boothe,* supra.)

It does not appear that the plaintiffs have lost any part of the payments made by them to the defendant. It does appear that they paid an attorney's fee of $15 in the forcible. detention action commenced by Witt. That fee the plaintiffs are entitled to recover. They obtained judgment for $25. They are not entitled to recover the attorney's fee contracted or paid in the action prosecuted by Witt to recover the remainder of the purchase price of the property, for the reason that Witt rightly brought that action to recover the installments that were then due. (*Witt v. Boothe,* supra.)

The judgment is affirmed.