HADDAWAY v. SMITH et al. (No. 2533.)

(Court of Civil Appeals of Texas. Amarillo. Nov. 4, 1925. Rehearing Denied Dec. 2, 1925.)

1. Contracts ⬅➡318—Repudiation or refusal to perform contract is breach, discharging other party.

If a party to a contract repudiates or refuses to perform it when time for performance on his part is due, it amounts to a breach, which operates as a discharge of the other party.

2. Brokers ⬅➡78—Vendor and purchaser ⬅➡ 344—Causes of action arose when vendor repudiated contract for sale of land.

Where vendor in contract for sale of land was under contractual obligation to perform on day named, on his repudiation of contract cause of action arose against him without any affirmative action on part of brokers or purchasers.

3. Contracts ⬅➡316(5)—Party not in default does not waive breach by making honest effort to induce performance of contract.

It is not a waiver for a party not in default to make an honest effort to induce party who has breached his contract to withdraw repudiation and perform contract.

4. Brokers ⬅➡86(5)—Evidence held to show that purchasers were willing to perform contract for sale of land.

Evidence *held* to show that purchasers were ready, able, and willing to perform contract for sale of lands, and would have done so but for vendor's breach.

5. Brokers ⬅➡86(7)—Finding that vendor not prevented from closing contract for sale of land by bad faith of brokers sustained.

Evidence *held* to sustain finding of jury that vendor, in contract for sale of land, was not prevented from closing with purchasers by reason of any bad faith on part of plaintiff brokers.

Appeal from District Court, Lubbock County; Parke N. Dalton, Special Judge.

Action by Morton J. Smith and others against Rochester Haddaway. Judgment for plaintiffs, and defendant appeals. Affirmed. See, also, 256 S. W. 965.

Robt. A. Sowder and Vickers & Campbell, all of Lubbock, for appellant.

G. E. Lockhart, of Lubbock, for appellees.

JACKSON, J. This suit was instituted in the district court of Lubbock county by Morton J. Smith, J. H. Moore, and Frank Vaughn, plaintiffs, against Rochester Haddaway, defendant.

Frank Vaughn died before the trial of the case, and his heirs were substituted as parties to the suit, and will, for the purpose of this opinion, be considered as original plaintiffs.

Plaintiffs allege that in 1920 defendant owned and listed with them, as real estate brokers, several tracts of land situated in Bailey county, Tex., and agreed to pay them 7½ per cent. commission for the sales made by them, or for the procuring of purchasers ready, willing, and able to buy upon the terms and conditions of the listing contract.

Acting under their employment by the defendant, they sold labor No. 2 to C. L. Goodnight; No. 3 to W. B. Buford; No. 1 to W. L. Oliver; No. 5 to Morton J. Smith; and No. 4 to G. C. Lawrence. That each of said purchasers were ready, willing, and able to purchase his respective labor of land, and entered into a separate written contract with the defendant for the purchase thereof, and paid the first installment of the purchase

price. That the second installment was payable January 1, 1921, at Fort. Worth, Tex., on which date appellant was to execute a deed to each purchaser and retain a vendor's lien to secure the payment of the balance of the purchase money, for which vendor's lien notes would be executed. That about December 10, 1920, after the contracts had been executed, and the first installments of the purchase money had been paid, an agreement was made and entered into between the defendant and the purchasers by the terms of which the defendant agreed to come to Lubbock, Tex., on January 1, 1921; receive the second installments of the purchase price at Lubbock, Tex.; and consummate said contract at said town instead of at Fort Worth, Tex. That the defendant, by his fraudulent agreement, induced the purchasers not to go to Fort Worth to close the deals as stipulated in the original contract, with the fraudulent purpose and intention of forfeiting the sale contracts and defrauding the purchasers out of the money paid in the first installments, and with the fraudulent purpose and intention of defeating plaintiffs out of the commission which they had earned. That, because of the misrepresentations, fraud, and deceit of the defendant upon which the purchasers relied and acted, they did not go to Fort Worth on January 1, 1921, and consummate the purchase of their respective tracts of land, but would have done so but for the fraud and misrepresentations of defendant, which they believed and relied upon. That appellant did not, as he had agreed and represented he would do, come to Lubbock on January 1, 1921, and receive the payment of the second installments and consummate the deals, but declared said contract forfeited, and refused to pay plaintiffs any commission on said sales.

Defendant answered by general demurrer, general denial, and pleaded there was no consideration for the alleged change of the contract, and that at all times he was ready, able, and willing to close any sales made by the plaintiffs, which fact he communicated to the purchasers and the plaintiffs, but they failed and refused to close the deals at the time specified, and at all times thereafter; that his contract with plaintiffs for the payment of commissions expressly stipulated that, unless the purchasers completed the contracts by paying the second installment on January 1, 1921, no commission would be earned by, or due to, the plaintiffs, and that none of the purchasers made the second payment on January 1, 1921, or at any other time, and none of the purchasers were willing to do so; that within a few days after the 1st day of January, 1921, he and the plaintiffs and said purchasers agreed that the contracts should be closed, and he came to Lubbock, Tex., to close the contracts, believing that on his arrival the deals would be consummated, notwithstanding all the rights of the purchasers and the plaintiffs had lapsed by their failure to close the contracts as written, and that by reason of the agreements to close the deals, if defendant would come to Lubbock, the purchasers and plaintiffs waived any right they may have had to have the contracts performed at Lubbock, because they knew that he insisted that the contracts were performable at Fort Worth, and the plaintiffs are estopped to claim any compensation whatever; that on January 1, 1921, the plaintiffs ceased to represent defendant, but began representing the purchasers, to the injury of defendant, and advising said purchasers not to close the contracts, and endeavored to secure changes in said contracts, by reason of which they are not entitled to any compensation.

The defendant further answered that he arrived at Lubbock about January 10, 1921, and offered to close the contracts, but the purchasers and the plaintiffs refused to do so, and that, on account of the bad faith of plaintiffs in refusing to aid in closing the contracts and in advising the purchasers not to close such contracts, the plaintiffs breached their contract of employment, and are not entitled to any recovery; that he paid the plaintiffs the sum of $922.30 as commission on the contracts at the time they were made, for all of which he prayed to be discharged.

In response to special issues submitted by the court in his main charge, the jury found that the defendant represented to plaintiffs and W. B. Buford, W. L. Oliver, G. C. Lawrence, and C. L. Goodnight that he would come to Lubbock, Tex., on January 1, 1921, and there accept payment on the contracts and deliver deeds; that the above-named parties believed and relied on such representations of the defendant; that each of said parties was ready, willing, and able to close his contract at Lubbock, Tex., on the 1st day of January, 1921.

At the request of defendant the court submitted special issues, in response to which the jury found that defendant was not ready, willing, and able to close the contracts with said parties on or prior to January 11, 1921, or within a reasonable time thereafter; and that he did not in good faith indicate his willingness to do so; that none of the plaintiffs, prior to January 11th, advised or requested the purchasers not to go ahead and consummate their contracts of purchase with the defendant; and that the defendant was not prevented from closing with such purchasers by reason of any advice or action on the part of plaintiffs.

In response to a special issue requested by the plaintiffs, the jury found that the purchasers, Smith, Buford, Oliver, Lawrence, and Goodnight would have closed the contracts on the 1st of January and paid the second installment of the purchase money and executed the notes, if the defendant had

been in Lubbock on that day to close said contracts.

Upon these findings the court rendered judgment in favor of the plaintiffs for the sum of $1,423.84, with interest at 6 per cent. per annum from January 1, 1921. From this judgment in favor of plaintiffs, hereinafter called appellees, the defendant, hereinafter called appellant, has appealed.

Appellant's assignments and propositions which require consideration may all be combined and considered under his contentions that the court committed error in submitting the case to the jury and refusing to give a peremptory instruction requested by him: First, because the uncontroverted evidence shows that the purchasers refused to accept appellant's failure to be in Lubbock on January 1, 1921, and close the deals as a breach of the contract, but continued to treat the contracts as valid, expressing a willingness to abide thereby if appellant would come to Lubbock and close the deals, to which he acceded, and by such conduct the purchasers waived the breach of appellant's contract to be in Lubbock to close the deals. Second, because the uncontroverted evidence shows that all parties recognized that the contracts were in full force and effect as late as January 8, 1921; that appellant was willing to carry them out at that time and at all times thereafter, but the purchasers refused to consummate the contracts, and were unable to do so. Third, because the appellees were the agents of appellant and advised the purchasers not to close the deals, and thereby acted in bad faith with their employer.

The testimony is sufficient to show that on or about December 10, 1920, in Lubbock, Tex., the defendant promised the purchasers and plaintiffs to meet them in Lubbock on January 1, 1921, receive the payment of the second installments, and close the deals, and that he would not require that they come to Fort Worth for that purpose; that on January 1st, and for several days thereafter, the purchasers and plaintiffs were in Lubbock to meet the defendant and close the deals, and that the purchasers were ready, willing, and able to do so; that, defendant, not appearing at Lubbock, on January 6th, Smith and Vaughn wired him at Fort Worth to come up at once and close the deals; that he answered on the same day that, not having received an answer to his letter of the 14th, contracts lapsed January 1st, and asking which buyers wanted to extend the contracts and on what basis. On January 7th Smith replied by wire that Lawrence, Buford, Oliver, and Goodnight wanted to close, and asked the defendant when he would arrive. On the same date defendant replied by wire that he could reinstate Buford, Oliver, and Goodnight, but not Lawrence, as he had on a sale for all the rest of the league, but could let Lawrence have a different labor; that he could leave Fort Worth on Sunday,

but demanded, before leaving, to know whether the plaintiffs would accept notes of the buyers for commission if the buyers did not pay the second installment in full. On the 8th Smith replied by wire that his firm would accept notes. On the 6th of January the defendant, in a letter addressed to Messrs. Vaughn & Smith, after acknowledging the receipt of their wire of the 6th and quoting his answer thereto, states, in substance, that on leaving Lubbock he thought things were arranged for the buyers to pay a reasonable amount in cash and give notes to the plaintiffs in this case for commission, and that the plaintiffs were to write him a letter to that effect; that no such letter was received by him; and that on December 14th he wrote the plaintiffs he could do nothing more and continues:

"I could not accept a partial payment and have you pounce on me for the commission; consequently these instruments have all been forfeited automatically January 1st when they were not met. Now, if you will tell me which of the former clients want to pay, and how much and on what basis, I will be pleased to consider reinstating them."

On January 8, 1921, Smith wired the defendant from Lubbock to Fort Worth, Tex., as follows:

"Since you have forfeited contracts contrary to your agreement, some of the purchasers will not reinstate, and will expect you to pay back their money."

Smith testified that he wired the defendant that there was a suit brought against him, and he had better come to Lubbock, after which he came.

Mr. Frank Vaughn, whose testimony on a former trial was offered, testified that he wired the defendant some time before January 1st that the purchasers were ready to close.

The testimony of the buyers is to the effect that, after they received the wire that the contracts had been forfeited, they got together and decided they would have nothing more to do with the contracts, because they had concluded that the defendant intended to defraud them, for the reason that he had failed to come to Lubbock to close the deals as per his agreement, but instead had forfeited the contracts on terms of the old agreement; that the defendant was in Lubbock about January 10th, but the contracts had already been turned over to a lawyer for the purpose of recovering the first installments of purchase money that had been paid, and the purchasers with whom the defendant conferred testified that he offered to reinstate, or rather make new contracts, which they declined to do.

H. D. Chipley testified, in substance, that before the time for closing of the contracts he met the defendant in Fort Worth, and

had a conversation with him with reference to some deals on his Bailey county land, and that the defendant told him he had a chance to beat the fellows out of their money, and he would certainly do so if they did not come to Fort Worth, stating that he had a buyer for the whole tract.

The testimony of Smith is to the effect that he tried to close the deals, and all the purchasers testified that they would have closed the deals but for the conduct of appellant in failing to comply with his contract. We consider this a sufficient statement from the record.

[1, 2] Appellant concedes that the finding of the jury that he had agreed to be in Lubbock on January 1, 1921, and close the deals has sufficient support in the testimony. It is uncontroverted that he failed to keep this agreement.

If a party to a contract repudiates it or refuses to perform it when the time for performance on his part is due, it amounts to a breach, which operates as a discharge of the other parties. 5 Page on the Law of Contracts, par. 2908. The law of anticipatory breaches is not applicable to appellant's failure to perform in this case because performance on his part was due January 1st, and he was under contractual obligations to perform on the day named, and, on his repudiation of his contract, a cause of action arose against him without any affirmative action on the part of plaintiffs or the purchasers. On January 6th, in response to a wire from plaintiffs, appellant advised them both by letter and by wire that the contracts were forfeited January 1st, but that he would, if informed which of the purchasers could pay, how much, and on what basis, consider reinstating them.

It will be noted that appellant's contention at all times was that he had not entered into any agreement to be at Lubbock, and that the contracts automatically forfeited by virtue of their own provisions because of the failure of the purchasers to comply with the original agreement to make payment in Fort Worth on January 1st and close the deals.

The telegrams sent by the plaintiffs to appellant were manifestly an effort to induce the appellant to perform his contract. Some of the contracts he said he could perform, some he could not, and on the contract with Smith he was silent, but he at no time, at least before his arrival at Lubbock, stated unconditionally that he would reinstate any of the contracts which he maintained had been forfeited. He was advised by wire on January 8th that, because he had forfeited the contracts, contrary to his agreement, some of the purchasers would not reinstate, but would expect their money back.

[3] It is not a waiver for a party not in default to make an honest effort to induce the party who has breached his contract to withdraw the repudiation and perform the contract. 3 Elliott on Contracts, p. 238; Drummond v. Allen Nat. Bank et al. (Tex. Civ. App.) 152 S. W. 739; Louisville Packing Co. v. Crane, 141 Ky. 379, 132 S. W. 575; United Press Association v. National Newspaper Association, 237 F. 547, 150 C. C. A. 429; Bologh et al. v. Roof Maintenance Co. (Sup.) 112 N. Y. S. 1104; Chas. Napier v. People's Stores Co., 98 Conn. 414, 120 A. 295, 33 A. L. R. 499.

At the request of appellant the court submitted issues, in response to which the jury found that he was not ready, willing, and able to close the contracts on or prior to January 11, 1921, or within a reasonable time thereafter, and that he did not in good faith indicate his willingness to do so.

[4] The testimony shows that all the parties did not recognize the contracts in full force and effect as late as January 8th, but, on the contrary, shows conclusively that some of the purchasers, at least, would not, on account of defendant's breach, reinstate the contracts, and the findings of the jury, at the request of appellant, show that he was not ready, willing, and able to carry out the contracts at that time. The testimony we consider sufficient to show that the purchasers were ready, willing, and able to perform their contract, and would have done so but for appellant's breach.

[5] The testimony, in our opinion, is sufficient to sustain the finding of the jury that the appellant was not prevented from closing with the purchasers by reason of any bad faith upon the part of the plaintiffs. We are of the opinion that the court did not err in refusing appellant's peremptory instruction and submitting the case to the jury.

The issues submitted were all controverted issues of fact, and we are not disposed to disturb the jury's findings thereon.

The judgment of the court is therefore affirmed.