F. W. STANLEY, *Plaintiff in Error*, v. ANTHONY FARMS, A CORPORATION, *Defendant in Error*.

### En Banc.

### Opinion Filed February 18, 1927.

Where a vendor who has contracted to convey land upon the payment of certain amounts, before the time for payment arrives notifies the purchaser that he will not carry out the contract and sells the same land to a third party, he thereby breaches the contract and the purchaser may immediately sue for the breach thereof without a tender of performance on his part.

A Writ of Error to the Circuit Court for Marion County; W. S. Bullock, Judge.

Judgment reversed.

*H. M. Hampton,* for Plaintiff in Error;

*Anderson & Anderson,* for Defendant in Error.

KOONCE, Circuit Judge.—Plaintiff in error, as plaintiff below, sued the defendant in an action at law to recover damages for the alleged breach of contract. The declaration alleges that by a certain bilateral contract or written agreement, copy of which is appended to the declaration and made a part thereof, the defendant agreed to sell to the plaintiff and the plaintiff agreed to purchase from the defendant certain therein described lands in Marion County. A certain amount was paid in cash at the time of making the contract, the balance to be paid in ten yearly installments, or at the option of the purchaser at any time before the expiration of the ten years. That upon the payment in full of the purchase price the vendor defendant

would make a deed of conveyance to the purchaser, plaintiff. Further details of the contract are not necessary for the consideration of the case. After reciting the foregoing facts as inducement the declaration avers a breach of the contract in the following language:

"Plaintiff avers that the defendant breached the said contract thereafter and refused to convey the said land to the plaintiff or to carry out its said contract, and has notified the plaintiff that it will not carry out said contract. Plaintiff avers that the plaintiff is ready, willing and able and has at all times been ready, willing and able to carry out said contract, but that defendant has failed and refused and has sold the said tract of land to another person, thereby rendering itself incapable of carrying out the same. Plaintiff avers that the said lands were reasonably worth the sum of $150.00 an acre and that he purchased the same for the sum of $63.00 an acre and thereby the plaintiff has lost the benefit of said transaction and has suffered damages in the sum of $87.00 an acre, to-wit, the sum of $1,392.00. Wherefore plaintiff brings this his suit and claims damages, $2,000.00.''

To the declaration the defendant filed demurrer which was sustained by the Circuit Judge and, the plaintiff declining to plead over, thereafter an order and judgment was entered dismissing the suit. A writ of error was taken to the order of dismissal; and the order sustaining this demurrer and the dismissal of the cause are assigned as error. Both assignments are considered together in the arguments of both attorneys and will be so considered in this opinion.

In the well-considered case of Hall v. Northern & Southern Co., 55 Fla. 235, 46 South. Rep. 178, this Court delivered an opinion which fully covered the law of that case and upon a petition being filed for rehearing elaborately explained that opinion, and yet we have here the very novel

situation of the attorney for the plaintiff and the attorney for the defendant each relying solely upon the cited case to sustain his contention in the instant case, presenting no other authority whatsoever. This illustrates the wonderful flexibility of the English language.

Citing the Hall case referred to, the attorney for defendant in error says in his brief: ''The law of this State as held in the latter case is established, that until the time for conveyance under the executory contract for the sale of land has arrived, a vendee can recover no damages even though the vendor has in fact conveyed all the property to a third party and has put such third party in the actual possession.''

The plaintiff's attorney states in his brief that the Circuit Judge ''took the position that in no case where the time for performance had not arrived, could the vendee recover damages, although the vendor had completely parted with his title and put it beyond his power to convey.''

The order of the Circuit Judge sustaining the demurrer, does not indicate upon which of the fifteen stated grounds of the demurrer it was so sustained, and it is possible that the order was made for reasons not stated in the briefs of the attorneys. But inasmuch as such other reason (if any) is not stated and the arguments of the attorneys are confined almost exclusively to the question of this condition precedent, this opinion will likewise in the main be directed to a consideration of that question.

In the case of Lynam v. Harvey, 12 Del. Ch. 129, 108 Atl. Rep. 850, text 854, it is said: ''If a vendor of land sells and conveys it before the time arrives for a performance by the vendee, he is entitled to sue on the contract without making a tender.'' Citing 3 Elliott on Contracts, 1972; Lea v. Ennis, 6 Houst. 433; Lowe v. Harwood, 139 Mass. 133, 29 N. E. 538; Warvelle on Vendors, 2nd Ed. Sec. 936.

From the long list of decisions of other States than this holding to the same effect as the cited case, the following may be noted: Newcomb v. Brackett, 16 Mass. 161; Nesbit v. Miller, 125 Ind. 106, 25 N. E. Rep. 148; Higgins v. Eagleton, 155 N. Y. 466, 50 N. E. Rep. 287; Wolff v. Meyer, 75 N. J. L. 181, 66 Atl. Rep. 959. Reaffirmed 76 N. J. L. 574, 70 Atl. Rep. 1103; Meyers v. Markham, 90 Minn. 230, 96 N. W. Rep. 335, 787; Matteson v. United States and C. Land Co., 103 Minn. 407, 115 N. W. Rep. 195; Beisker v. Anderson, 17 N. D. 215, 116 N. W. Rep. 94; Speer v. Phillips, 24 S. D. 257, 123 N. W. Rep. 722; Buechler v. Olson, 194 Iowa 245, 189 N. W. Rep. 741; Munson v. McGregor, 49 Wash. 276, 94 Pac. Rep. 1085; Palmer v. Clark, 52 Wash. 345, 100 Pac. Rep. 749; Boothe v. Dailey, 96 Kan. 711, 153 Pac. Rep. 551; Boothe v. Dailey, 103 Kan. 255, 173 Pac. Rep. 283; Cornelius v. Harris (Tex. Civ. App.), 163 S. W. Rep. 346; Bowen v. Speer (Tex. Civ. App.), 166 S. W. Rep. 1183; Haddaway v. Smith, (Tex. Civ. App.) 277 S. W. Rep. 728; Samonds v. Cloninger, 189 N. C. 610, 127 S. E. Rep. 706; Hawkins v. Merritt, 109 Ala. 261, 19 South. Rep. 589, text 591; Brady v. Green, 159 Ala. 482, 48 South. Rep. 807; Moss v. King, 186 Ala. 475, 65 South. Rep. 180; Greenberg v. Ray, — Ala. —, 108 South. Rep. 385.

This Court has not departed from these generally accepted views of the law, but on the other hand is in complete harmony with this line of decisions. *Vide.*—Thomas v. Walden, 57 Fla. 234, 48 South. Rep. 746, where it is said, "when vendors are wholly unable to give title to a considerable portion of land contracted to be sold strict legal tender by the vendee is not necessary." Also Duval Inv. Co. v. Stockton, 54 Fla. 296, 45 South. Rep. 497, text 498: "If a tender of the second payment and a demand for deeds were ordinarily essential, the notice that defendant could not deliver a portion of the lands as agreed, and had failed

and refused to deliver them, dispensed with tender and demand, and gave the plaintiff a right to bring his action for damages.   See Sullivan v. McMillan, 26 Fla. 543, 8 South. Rep. 450; 4 Ency. Pl. & Pr. 630.''   See also Key v. Alexander, — Fla. —, 108 South. Rep. 883.   Also Sanford v. Cloud, 17 Fla. 532.

In the Hall case cited in the beginning of this opinion, and upon which the defendant relies for affirmance, the right of possession claimed by the purchasers depended upon a clause in the contract which provided that possession was not to be had while the vendors were using the land for turpentine purposes.   There was no allegation in the declaration that the land was not being so used by the defendant vendors,—the contract being assignable, the mere transfer of the vendor's interest to another did not negative the use by them as provided for in the contract.   The Court said in the cited case, text, page 180 of 46 South. Rep., ''where a bilateral contract is made for future performance, and before the time for performance arrives one party positively and unequivocally repudiates the entire contract, or voluntarily puts it out of his power to perform his part, the other party may treat the contract as rescinded; and in many cases injured parties have brought actions as for a breach before the time for performance under the contract has arrived.   See Thompson v. Kyle, 39 Fla. 582, 599, 23 South. Rep. 12, 63 Am. St. Rep. 193; 14 Harv. Law Rev. 317, 427; 9 Cyc. 635, 637 and authorities cited.''

It may therefore be stated that where a vendor who has contracted to convey land upon the payment of certain amounts, before the time for payment arrives notifies the purchaser that he will not carry out the contract and sells the same land to a third party, he thereby breaches the contract and the purchaser may immediately sue for the breach thereof without a tender of performance on his part.

Some reference is made in defendant's brief of the insufficiency of the allegation of the breach of the contract in the declaration. It must be conceded that the averment is not as full and complete as might be desired,—for instance the averment of second sale does not allege that the sale was to an innocent purchaser nor show that such sale was not made subject to the rights of the first purchaser (plaintiff). But this would be defensive matter within the knowledge of the defendant. The declaration does positively state that the defendant vendor had notified the plaintiff purchaser that it would not carry out the contract, it avers the ability and the willingness on the part of the plaintiff to perform. So though not all that could be desired, the declaration is sufficient against a demurrer, even if it might not withstand a motion for compulsory amendment.

The demurrer should have been overruled, and it, of course, follows that the order and judgment dismissing the case was also error.

The judgment of the Circuit Court is reversed.

PER CURIAM.—The record in this cause having been considered by this Court, and the foregoing opinion prepared under Chapter 7837, Acts of 1919, adopted by the Court as its opinion, it is considered, ordered and adjudged by the Court that the judgment of the Court below should be, and the same is hereby, reversed.

ELLIS, C. J., AND WHITFIELD, TERRELL, STRUM, BROWN AND BUFORD, J. J., concur.