DUVAL INVESTMENT COMPANY, A CORPORATION, *Plaintiff in Error*, v. J. N. C. STOCKTON, *Defendant in Error*.

1. Corporations act by agents, and an allegation that a defendant corporation by a named agent "who was thereto duly authorized" entered into an agreement sufficiently alleges the agency.

2. In an action for breach of contract where it is alleged that the defendant agreed to sell and deliver to plaintiff certain described lands for $100.00 cash down, $300.00 on delivery of deeds and $2,500.00 in three years; that the $100.00 was paid; that plaintiff resold the land at a profit; that defendant well knew that plaintiff purchased to resell; that defendant failed and refused to deliver the land and informed plaintiff's vendee that it could not deliver a portion of the land; that defendant kept the cash payment made by plaintiff; and that plaintiff lost the definite profitable sale he was to make, a cause of action is stated, and it is not necessary to allege a tender of the second payment or a demand for the deeds, since the acknowledged inability to deliver the land as agreed, upon the first payment being made, was the breach of the contract for which action could be brought.

This case was decided by Division A.

Writ of Error to the Circuit Court for Duval County.

*Statement.*

The declaration in this case is as follows: "John N. C. Stockton, by Wm. B. Young, his attorney, sues

the Duval Investment Company, a corporation created and existing under the laws of Florida, and having its principal place of business in the city of Jacksonville, Florida, for that on the 6th day of July, A. D. 1905, by an instrument in writing signed by W. S. Jordan, agent, of said defendant, who was thereto duly authorized, the said defendant entered into an agreement with the plaintiff to sell and deliver to him sixty-six lots in Jordan's sub-division, situated in said Duval county, on the following terms, to-wit: $100.00 cash down; $300.00 on delivery of deeds and $2500.00 on or before three years with interest on deferred payments at 7 per cent. and thereupon plaintiff paid to defendant the cash payment of one hundred dollars, and upon the same day plaintiff resold the said lots to one J. Douglas Wetmore, for $4,000.00, to be paid for as follows: $500.00 cash; $1,000.00 on delivery of deed, and $2,500.00 on or before three years, with interest at 7 per cent, and thereupon the said Wetmore paid to plaintiff the said cash payment of $500.00 and the said defendant well knew that plaintiff purchased said lots for the purpose of reselling them, and afterwards the said Wetmore ascertained that a large number of said lots, to-wit: 24 were in the adverse possession of others, and that defendant could not deliver possession of them, and the 7th day of August demanded the return of the said $500, so paid by him as aforesaid and plaintiff was forced to return the same, and the defendant has failed and refused to deliver the said lots, but on the contrary informed the said Wetmore that it could not deliver the said lots, and the defendant kept the cash payment made by plaintiff, by reason of which breach of its contract of sale, plaintiff has been greatly damaged and injured, and he claims twelve hundred dollars as damages.

2nd. And the said plaintiff by his said attorney

further sues the said defendant for that the said defendant contracted with the plaintiff in writing on the 6th day of July, 1905, to sell and convey to the plaintiff 'sixty-six lots in Duval county, Florida, in what is known as Jordan's sub-division for $2,900.00, one hundred dollars of which was paid in cash on said day, and afterwards, on the same day plaintiff resold the said lots at an advance of $1,100.00, but subsequently defendant informed J. Douglas Wetmore, the person to whom plaintiff had resold said lots, that defendant could not deliver possession of a large number of said lots, to-wit: 24, and thereupon plaintiff was forced to rescind his contract of sale to said Wetmore to the great loss and damage of the plaintiff, and the plaintiff claims twelve hundred dollars as damages."

The defendant presented a demurrer to the declaration as follows:

"To the first count of said declaration.

1st. That said count states no cause of action as against this defendant.

2nd. That said count does not show a tender of the $300.00 and a demand for deed.

3rd. That said declaration does not allege the misrepresentation of any material fact, knowing the same to be a misrepresentation.

4th. That said count does not allege that the plaintiff made the payments required by the alleged contract, or tendered the same, or that he was ready and willing to make the same.

5th. That said count does not show that the said Jordan knew that the said Wetmore had purchased said lots from the plaintiff.

6th. That the said declaration does not show that the time had arrived, under the terms of the alleged

agreement, when defendant was erquired to deliver possession of said property.

To the second count of said declaration.

1st. That said count states no cause of action as against this defendant.

2nd. That said count does not show a tender of the $2,900.00 and a demand for conveyance.

3rd. That said count does not allege the misrepresentation of any material fact, knowing the same to be a misrepresentation.

4th. That said count does not allege that the plaintiff made the payments required by the alleged contract, or tendered the same, or that he was ready and willing to make the same.

5th. That said count does not show that the defendant knew that the said Wetmore had purchased said lots from the plaintiff.

6th. That said declaration does not show that the defendant was called upon to deliver said lots to the plaintiff.

7th. That said declaration does not show that the time had arrived under said alleged contract, when the defendant was required to deliver possession of said property, if so required.

8th. That said count does not allege that the defendant could not deliver possession of said property, nor the specific reasons why said defendant could not so deliver possession, if required so to do under said alleged contract.

And for an additional ground to the first count.

7th. That said count does not allege that the defendant could not deliver possession of said property, nor the specific reasons why said defendant could not so deliver possession, if required so to do under said alleged contract."

The demurrer was overruled and the defendant filed pleas. At the trial the plaintiff recovered judgment for $1,000.00 and interest. The defendant took writ of error and the only error assigned is the overruling of the demurrer to the declaration.

*Richard · P. Marks,* for plaintiff in error;

*W. B. Young,* for defendant in error.

WHITFIELD, J., *(after stating the facts.)*—It is contended "that the first count of the declaration does not sufficiently allege the agency of W. S. Jordan, or his right to bind the defendant by any covenant or warranty to deliver." No specific ground of demurrer is directed to this point. The first count of the declaration alleges that "by an instrument in writing signed by W. S. Jordan, agent, of said defendant, who was thereto duly authorized, the said defendant entered into an agreement with the plaintiff to sell and deliver to him" certain real estate.

The defendant being a corporation acts only by agents and the allegation of the name and particular authority of the agent is not in general essential. In this case the allegation is that the defendant entered into the agreement. It was not necessary to name the agent, but having been named it is sufficient to allege that such agent "was thereto duly authorized." Childress v. Emory, 8 Wheat. (U. S.) 642; Nicholson v. Croft, 2 Burrow's Rep. 1188; 16 Ency. Pl. &. Pr. 900. See also Bowen, Admr., v. Jacksonville Elec. Co., 51 Fla. 152, 41 South. Rep. 400.

The contention that the first count of the declaration is defective because there is no allegation of the tender of the $300.00 due upon delivery of deeds and

a demand for deeds cannot be sustained. The allegations are that the defendant agreed to sell and deliver to plaintiff certain described land for $100.00 cash down, $300.00 on delivery of deeds, and $2,500.00 in three years; that the $100.00 was paid; that plaintiff resold the land at a profit; that defendant well knew that plaintiff purchased to resell; that defendant has failed and refused to deliver the land and informed plaintiff's vendee that it could not deliver a portion of the land, and defendant kept the cash payment made by plaintiff; and that plaintiff lost the definite profitable sale he was to make. These allegations are admitted by the demurrer. The agreement was to deliver the land on payment of $100.00; the $300.00 was to be paid on delivery of deeds. The first payment was received and retained by defendant who failed and refused to deliver the land, and informed plaintiff's vendee that it could not deliver a portion of the land. Under these circumstances it was not necessary to allege a tender of the second payment or a demand for deeds. If a tender of the second payment and a demand for deeds were ordinarily essential the notice that defendant could not deliver a portion of the lands as agreed and had failed and refused to deliver them, dispensed with tender and demand, and gave the plaintiff a right to bring his action for damages. See Sullivan v. McMillan, 26 Fla. 543, 8 South. Rep. 450; 4 Ency. Pl. & Pr. 630.

It is urged that it was essential to allege that the time for delivery had arrived and a tender of the second payment. The agreement is alleged to have been entered into July 6, 1905. The declaration was filed August 24th, 1905. Since the agreement was to deliver the land on payment of the $100.00, and the $100.00 was paid and retained, and defendant failed and refused to deliver the land and informed plaintiff's

vendee that it could not deliver a portion of the land, it is not necessary to allege that the time for a delivery had arrived, or to allege a tender of the $300.00 and a demand for deeds. The declaration shows by necessary inference that the time for delivery of the land had passed. The failure to deliver the land as agreed is the breach complained of.

The first count of the declaration is good at least as against the specifications of the demurrer as interposed.

As the verdict does not indicate which count the finding is predicated upon, and as the first count is good as against the demurrer it is not necessary to consider the second count.

The judgment is affirmed.

SHACKLEFORD, C. J., and COCKRELL, J., concur;

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.