A. C. THOMAS AND OTHERS, CO-PARTNERS AS THOMAS BROTHERS & COMPANY, *Plaintiffs in Error,* v. J. C. WALDEN AND OTHERS, *Defendants in Error.*

1. "Not guilty" and "never indebted" are not proper pleas in actions upon express contracts.

2. The pleader should specify the condition precedent the performance of which he intends to contest.

3. After issue has been joined upon a pleading not wholly bad, a demurrer *ore tenus* thereto is not a matter of right at the trial.

4. The refusal to permit the filing of additional pleas must be excepted to, and form part of the bill of exceptions, to be reviewed.

5. When vendors are wholly unable to give title to a considerable portion of land contracted to be sold, strict legal tender by the vendee is not necessary.

This case was decided by Division A.

Writ of Error to the Circuit Court for Jackson County.

The facts in the case are stated in the opinion of the court. ·

*W. B. Farley* and *J. M. Calhoun*, for Plaintiff in Error;

*C. L. Wilson*, for Defendant in Error.

COCKRELL, J.—This is an action wherein Walden and others obtained judgment for the primary payment upon a contract to convey.

The declaration sets out the contract, the payment of one thousand dollars upon its execution, and alleges the failure of the vendors to convey by reason of inability to give title to a substantial part of the lands. There was a demurrer interposed to the declaration, which does not appear ever to have been brought to the attention of the court and will not be considered.

The pleas upon which issue was joined and trial had were first "not guilty," which has no place in actions for breach of contract, and second "that these defendants are now and have always been ready and willing to perform said contract according to the terms thereof, had the plaintiffs paid the amount they agreed to pay on the date thereof," the exact meaning of which is not clear to us. There appears on the record a plea of "never indebted" which it is asserted in the brief was stricken. We find no such order, but the plea is wholly inapplicable to counts on express contracts. Section 1467 General Statutes of 1906. Demurrers were sustained to two pleas that were in direct violation of the statutory requirements that the pleader shall specify the condition pre-

cedent the performance of which he intends to contest. §1436 Gen. Stats. of 1906.

The fifth plea came near properly setting forth a defense. It alleges readiness and willingness to perform at the time; but that the plaintiffs did not tender the amount of money then due. To this plea was filed a replication of waiver of legal tender, upon which issue was joined. At the trial a proceeding in the nature of a demurrer *ore tenus* was attempted to be made to the replication. No showing was made to excuse the delay and irregularity in this attempt to question the legal sufficiency of the replication and no request to withdraw the joinder of issue thereon. The replication set up new matter and while perhaps prolix, presents on its face no flagrant violation of good pleading.

We cannot consider the refusal of the court to permit during the trial the filing of an additional plea tendered, as no exception was taken at the time to such refusal.

The exceptions reserved upon the rulings upon testimony and the charges of the court are numerous, but in our view of the case cut no figure. There can be no question that the vendors did not have title to a considerable portion of the land they contracted to convey and could not within any reasonable time have acquired title thereto, it being Government lands subject to homestead, and as to part of which there is still pending action in the Federal courts by the United States against those through whom the grantors hoped to acquire title.

The contract was an entire one, not to be cut dowr ratably according to the failure of acreage, and we cannot apply the doctrine of *de minimis*. The breach on the part of the grantors could not have been cured and this fact was plainly apparent at the time set for performance, while the tender of a certified check instead of lawful money might have been cured if not waived, and un-

der the circumstances the tender of the latter would have been a useless form.

Errors if any committed in the rejection or admission of evidence or upon the charges were harmless. The judgment was clearly right and it is affirmed.

WHITFIELD, C. J. and SHACKELFORD, J., concur.

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.