ABBA MILLER OTSTOTT AND EDWARD W. OTSTOTT, *Plaintiffs in Error*, v. V. L. MERRYMAN, *Defendant in Error*.

Opinion filed March 3, 1916.

A plaintiff may not recover upon a contract that he shows to have been based upon certain acts on his part to be performed, which were neither performed nor waived.

Writ of Error to Circuit Court, Dade County; J. Emmett Wolfe, Judge *ad Litem*.

Judgment reversed.

*Gautier & Pine,* for Plaintiffs in Error;

*McCaskill & McCaskill,* for Defendant in Error.

COCKRELL, J.—This case was tried by an attorney, as Judge Ad Litem, by agreement of the parties, the resident Circuit Judge being disqualified. There was judgment for the plaintiff and the defendants took writ of error.

The plaintiff's supposed cause of action arose as follows: Mrs. Otstott and her husband entered into a contract to sell Merryman and his wife a lot in Miami upon

certain payments being made, the contract providing for its forfeiture should the payments be not made at certain times. Mrs. Merryman made the first payment, but the would-be purchasers were unable or unwilling to live up to the contract. A conference was then held and it was then agreed that the Otstotts would pay the Merrymans a certain sum provided they would surrender possession of the property and execute a release of all their rights under the contract. Owing to the inability of the Otstotts to supply that agreed sum of money the conference failed of its purpose.

Merryman proceeded at once to place upon the public records the contract of sale, and even at the trial disclaimed a willingness to accept the sum agreed upon as a settlement of his rights under the contract. It is not clear that he surrendered possession of the lot.

We think the court erred in giving him judgment for this amount. It is beyond question that the agreement to pay that or any amount was expressly conditioned upon the two Merrymans surrendering all their rights whatever they might be, under the contract of sale. We do not know Mrs. Merryman's attitude in the matter, as she is not before us, but Merryman at the trial testified, "I am not willing at this time upon payment to me of the amount promised to give the Otstotts a quit-claim deed in the nature of the receipt as they requested. I am not willing at this time to surrender if they paid me." He was willing to do this only upon the payment of what he conceived to be his equities under the contract of sale, but this action is not upon that contract nor is its solution before us.

The judgment is reversed.

TAYLOR, C. J., and SHACKLEFORD and ELLIS, JJ., concur.

WHITFIELD, J., absent on account of illness.