JONAS BEHRMAN, *Plaintiff in Errror*, v. HARRY MAX, *Defendant in Error*.

137 So. 120.

En Banc.

Opinion filed September 24, 1931.

Petition for rehearing denied October 9, 1931.

*Harry Gordon,* for Plaintiff in Error.
*Price, Price & Hancock,* for Defendant in Error.

ANDREWS, Commissioner:—Harry Max, defendant in error filed his declaration in the Circuit Court of Dade County, the second count of which alleges that on September 5, 1925, Jonas Behrman, plaintiff in error here, entered into an option agreement to sell and deliver to plaintiff, Harry Max, certain lots in the city of Miami at a stipulated total price of $40,000.00, there being paid $2000.00 in cash at the time of the execution of the agreement and the remainder of the cash payment was to be paid at the time of the consummation of the sale on or before October 5, 1925. It is further alleged that

"Between the date of the said contract and the date fixed therein for the consummation of the purchase therein agreed upon, to-wit, the 5th day of October, A. D. 1925, the said defendant advised and informed the plaintiff that he could not deliver the said lots and failed and refused to deliver the same, although the plaintiff was at all times ready, willing and able to do and perform all things necessary to be performed on his part under the terms and conditions of the aforesaid contract."

The option agreement attached to the declaration provides in part as follows:

"RECEIVED OF HARRY MAX or assigns the sum of $2,000.00 in payment for option to purchase the following described property (describing it);"

also provides "That the said Harry Max or assigns, shall exercise the same on or before the 5th day of October, 1925."

A demurrer interposed by defendant to both counts of the declaration was sustained as to the first count and denied as to the second. Thereupon defendant filed several pleas to which plaintiff filed a demurrer and a motion to strike all except plea number 1 which was a plea to the general issue that "defendant did not promise as alleged."

The motion to strike the other pleas was granted except as to pleas 12 and 14 respectively. They in substance denied that complainant was ready, able and willing to perform the option contract, and denied that the defendant knew the lots were purchased for resale.

It appears to be admitted by both parties to this appeal that the two main questions presented for adjudication are; (1) whether or not the granting of the motion to strike defendant's special plea number 11 was error; (2) would the fact that a vendor, before the time expires for optionee to exercise his option to purchase lands, gave notice to optionee that he could not deliver the property, make it unnecessary for the optionee to give "notice of his election to purchase" *before filing suit* for breach of the option contract?

With reference to the first question it will be observed that the second count of the declaration contains the following:

> "The said defendant advised and informed the plaintiff that he could not deliver the said lots and failed and refused to deliver the same;"

also that plea number 11 of the defendant which the court struck on motion of the plaintiff, alleges:

> "This defendant denies that he advised and informed the plaintiff that he could not deliver the said lots at any time prior to the expiration of the option period."

It is contended by plaintiff in error that inasmuch as the defendant's first plea to the general issue states that he did not promise as alleged, that the above-quoted 11th plea to the declaration became unnecessary, as the burden of proof under the law is necessarily assumed by the plaintiff anyway to substantiate that issue by proper evidence.

This Court has frequently held that striking a pleading is a severe remedy, and should be resorted to only in cases palpably requiring it for the proper administration of justice. Burr v. Hull, 66 Fla. 20, 63 So. 300; Guggenheimer & Co. v. Davidson, 62 Fla. 490, 56 So. 801; Tripp v. Wade, 82 Fla. 325, 89 So. 870. This Court has also repeatedly held that if the defendant was entitled to make the same defense to the action under a plea to the general issue as he would have been entitled to make under the pleas that were stricken he is not in a position to successfully contend that the order striking the special pleas constituted harmful error; also held "that a special plea tendering an issue covered by a plea of the general issue in a case in which such latter plea is applicable may be stricken is well settled in this jurisdiction. It may be done upon motion of complainant, or by the court of its own motion." Tripp v. Wade, supra. Citing Section 2630 Revised General Statutes of 1920 (4296 Compiled General Laws of Florida, 1927). See also Atlantic Coast Line R. Co. v. Roe, 91 Fla. 762, 109 So. 205.

No harmful error was committed by the court in striking defendant's plea number 11.

Taking up the other question presented for review: Whether or not the giving of a notice by a vendor before the time for exercising the option by the vendee expires that he will not comply with his contract relieves the holder of the option from giving notice of his election to purchase as a prerequisite for filing suit. It affirmatively appears that the plaintiff paid the defendant the sum of $2000.00 for the option agreement and that before the expiration of it on October 5, 1925, the defendant as vendor advised and informed the plaintiff that he would not deliver the lots in question.

In the case of Frissell v. Nichols, 94 Fla. 403, 114 So. 431, this Court said that an *offer to sell* merely contemplates the proffer, proposal, presentation, or exhibition of

something to another for acceptance or rejection. It is not based upon a valuable consideration and prior to acceptance it may be withdrawn at the pleasure of the one making it; but that an *option to sell* is a privilege existing in one person for which he has paid money, and it gives him a right to purchase as per terms designated therein. This Court in that case also said:

"An option to sell is also defined as a standing offer to sell to a designated person within a prescribed time on designated terms including an agreement to keep the proposition open for acceptance for the period stated. An option therefore embraces two distinct elements, (1) The contract to sell which is incompleted till accepted, (2) the agreement to give the optionee a certain time within which to exercise his option. Though a **contract** so far as mutual assent is concerned, an option confers no rights unless it carries the elements necessary to an enforceable contract. 6 R. C. L. 603."

Plaintiff in error appears to rely upon the citation from a portion of paragraph 39 of 27 R. C. L. 343, wherein it is shown that one court has held that the fact that the vendor before the time for exercising the option has expired gives notice that he will not comply with his contract does not excuse the other party from giving proper notice of his election to purchase and offering to comply with the terms of the option. The above authority cites the case of Tilton v. Sterling Coal Co., 28 Utah 173, 77 Pac. 758, 107 Am. St. Rep. 689. We fail to find where the rule in the above case is followed in any other state.

A definitely accepted option to buy lands becomes mutually binding on the terms contained in the written contract and the holder may exercise his option to buy any time within the time specified in the terms. Orlando Realty Board Bldg. Corp. v. Hilpert, 93 Fla. 954, 113 So. 100.

In the case of Stanley v. Anthony Farms, 93 Fla. 295, 112 So. 57, this Court held that

"Where a vendor who has contracted to convey land upon the payment of certain amounts before the time for

payment arrives notifies the purchaser that he will not carry out the contract and sells the same land to a third party, he thereby breaches the contract and the purchaser may immediately sue for the breach thereof without a tender of performance on his part." See the cases there cited, and also the following cases decided by this Court: Thomas v. Walden, 57 Fla. 234, 48 So. 746; Duval Inv. Co. v. Stockton, 54 Fla. 296, 45 So. 497; Sullivan v. McMillan, 26 Fla. 543, 8 So. 450; Key v. Alexander, 91 Fla. 975, 108 So. 883.

The law does not require anyone to do a vain or useless act, and a formal tender is not always a necessary prerequisite to institution of a suit where it clearly appears that if it had been made the tender would not have been accepted; and where one party to an executory contract informs the other before the time for consummation arrives that he will not perform his part of the contract it makes it unnecessary for the other party who is not at fault to move further in the matter. 27 R. C. L. 652, Sec. 413. See Kreiss Potassium Phosphate Co. v. Knight, 98 Fla. 1004, 1018, 124 So. 751, 756.

There is no bill of exceptions included in the transcript of the record and in the absence of the testimony we must assume that the court committed no error in denying the motion for new trial on the issues of facts.

There being no reversible error, the judgment of the lower court is hereby affirmed.

PER CURIAM.—The record in this cause having been considered by the Court, and the foregoing opinion prepared under Chapter 14553, Acts of 1929, adopted by the Court as its opinion, it is considered, ordered, and adjudged by the Court that the judgment of the court below be, and the same is hereby, affirmed.

BUFORD, C.J., AND WHITFIELD, TERRELL AND DAVIS, J.J., concur.

ELLIS AND BROWN, J.J., dissent.