C. M. SLAUGHTER, *et al.,* v. GORDON J. BARNETT. (Two Cases.)

154 So. 134.
Division A.
Opinion Filed March 27, 1934.

*Kay, Adams, Ragland & Kurz* and *W. A. Pattishall,* for Appellants and Plaintiffs in error;

*W. O. Anderson* and *G. P. Garrett,* for Appellee and Defendant in Error.

ELLIS, J.—By agreement of the parties and consent of the court the two above styled cases are considered together. One is a chancery cause and the other is a common law action, as the titles of the two cases indicate, although the parties are different, there being more persons constituting the parties in the chancery cause than constituted the parties in the common law action.

In each case Barrett was the complaining party. He began an action at law in the Circuit Court for Orange County against C. M. Slaughter and on the 6th day of June, 1932, obtained a judgment against Slaughter in the sum of $12,500.00. On October 1, 1932, Slaughter took a writ of error to the judgment. The writ was returnable to the Supreme Court on November 18, 1932.

The cause of action in that case was an alleged breach of a contract between Barnett and Slaughter dated April 1, 1929. The contract is not made a part of the declaration but it appears in evidence. The declaration alleged that C. M. Slaughter entered into a contract to sell to Gordon J. Barnett, the plaintiff, an undivided five-sixths interest in a certain tract of land comprising twenty-nine and seventy-three hundredths acres on which was located a "Fernery." The lands are located in Seminole County. The considera-

tion to be paid was alleged to be $29,000.00, $9,000.00 of which was to be paid in installments of $1,000.00 each on "May 1st, June 1st, July 1st, November 1st, December 1st, all A. D. 1929, and January 1st, February 1st, March 1st, April 1st, all A. D. 1930, and the remaining amount of $20,000.00 on the same corresponding dates each succeeding year until paid."

The declaration alleged that the plaintiff "performed all the terms of said contract on his part to be performed prior to demand by him for performance and thereafter demanded performance of said contract by the defendant prior to the due date of any of said above payments"; that the defendant refused to comply with the plaintiff's demand for performance of the agreement and notified the plaintiff that he would not perform the contract. The declaration alleged that all things had happened, all times had elapsed, and all conditions had been fulfilled to entitle the plaintiff to bring his action. In that case the judgment is attacked on several grounds affecting not only the declaration but the validity of the contract on which the action rested.

On the 11th day of June, 1932, five days after he obtained judgment against Slaughter, Barnett exhibited his bill in chancery against Slaughter and wife, McCall and his wife, and Associated Florists Fernery, Inc., a Florida corporation, to set aside as null and void certain conveyances of land as having been made in fraud of Barnett as a creditor of Slaughter as evidenced by the judgment which was unsatisfied and a writ of execution which had been issued thereon and returned *nulla bona*.

The bill sets up the contract, a copy of which is attached and made a part of the bill. The land is fully described and allegations are made as to the purchase of the land by Slaughter as contemplated by the contract, his refusal to

convey to Barnett, the common law action by the latter conveyances of the land to Slaughter and McCall and other conveyances among the parties named which the bill attacks as having been made to defraud Barnett and hinder and delay him in the collection of his judgment. Motions were made by McCall, Slaughter and Associated Florists Fernery, Inc., to dismiss the bill of complaint. These motions were overruled by the chancellor in September, 1932, and Slaughter and wife, McCall and wife, and Associated Florists Fernery, Inc., appealed.

If the judgment obtained by Barnett against Slaughter should be reversed the equity cause must go with it as the relief prayed for in that case rests upon the judgment obtained in the common law action. If the judgment is invalid for any reason, either because the contract was invalid or for any error in the proceedings in which the judgment was obtained then the complainant is not such a creditor of Slaughter as entitled him to the relief he seeks in equity, because we treat the bill not as one to establish a resultant trust but as a bill to set aside alleged conveyances made to hinder and delay a creditor in the collection of his judgment.

Solicitor for appellee Barnett states in his brief that the suit was brought pursuant to the provisions of Section 5771, C. G. L., 1927, "the Statute of 13 Elizabeth relating to fraudulent conveyances to delay and hinder creditors. It is brought as a creditor's bill filed pursuant to authority given in C. G. L. 5035."

As a bill of that character admitting the validity of the judgment it is sufficient to entitle the complainant to the relief he seeks. It is also true that the bill alleges matters relating to the contract as if it were pleaded as an original obligation out of which a constructive trust arose against

Slaughter and that McCall and the Associated Florists Fernery, Inc., acquired title charged with the trust.

In view of those superfluous allegations this Court may, under the authority of Commissioners of the Taxing Dist. of Brownsville v. Loague, 129 U. S. 493, 32 L. Ed. 780, 9 Sup. Ct. Rep. 327, consider the contract behind the judgment and if it was found to be invalid order the bill to be dismissed even if no technical error in the common law proceedings relating to the conduct of the case only was discovered, but that point need not be discussed as the questions in the common law action involve both the validity of the contract and the orderly procedure in that action. So we will consider the errors alleged to exist in the common law action only.

A demurrer was interposed to the declaration and it was overruled. The declaration was attacked as to its sufficiency in alleging a breach of the contract sued upon, the plaintiff's right to a performance of it by the defendant and the plaintiff's ability and readiness to perform it on his part.

The declaration is most meager in its allegations to a high degree of uncertainty. It alleged the existence of a contract on defendant's part to convey to the plaintiff an undivided interest in a certain parcel of land for a consideration of $29,000.00, $9,000.00 of which were to be paid in installments of $1,000.00 each, beginning on May 1, 1929. The action was brought on April 11, 1929, twenty days before the plaintiff was required under the terms of the agreement to make the first payment of $1,000.00. Yet the declaration alleges that the plaintiff "performed all the terms of said contract on his part to be performed prior to demand by him for performance" and then demanded "performance of said contract by the defendant prior to the due date of any of said above payments."

There is no allegation that defendant was bound to accept the first payment of $1,000.00 before May 1st, nor that the plaintiff tendered it to the defendant, nor that he tendered the entire purchase price, nor that he was ready, willing and able to pay the first installment of the entire purchase price. There is no allegation showing what the plaintiff had to do under the terms of the contract before he became entitled to performance of it on the defendant's part.

The general allegation that all "things have happened, all times elapsed and all conditions have been fulfilled to entitle the plaintiff herein to bring this action" is most indefinite. It is inexact as well because if the plaintiff was not entitled to a conveyance until he had made his first payment of $1,000.00, if then, the time in which to make such payment according to other allegations in the declaration had not elapsed, nor had all things happened nor had all conditions been performed, if the contract as alleged is to be construed as containing dependent agreements. If it is then it is clear that no cause of action was stated by the declaration unless the statement of the defendant that he would not perform the contract amounted to a breach of it by him and gave the plaintiff a cause of action.

It is an elemental principle of pleading that a declaration should allege distinctly every fact essential to the right of action. See Milligan v. Keyser, 52 Fla. 331, 42 South. Rep. 367; Royal Phosphate Co. v. Van Ness, 53 Fla. 135, 43 South. Rep. 916; Kirton v. Atlantic Coast Line R. Co., 57 Fla. 79, 49 South. Rep. 1024; Capital City Bank v. Hilson, 59 Fla. 215, 51 South. Rep. 853; Sylvester v. Lichtenstein. 61 Fla. 441, 55 South. Rep. 282.

The defendant must be apprised with sufficient definiteness of his alleged liability to enable him to prepare a defense. Kirton v. Atlantic Coast Line R. Co., *supra*.

As said by this Court, speaking through Mr. Justice SHACKLEFORD in Seaboard Air Line Ry. v. Rentz & Little, 60 Fla. 429, 54 South. Rep. 13:

"It may be well for us, members of the bench and bar alike to bear in mind, as was cogently said by Dr. Sampel Tyler, in the masterly introduction to his edition of Stephen's Pleading:

" 'The object of judicial proceedings is to ascertain and to decide upon disputes between parties. In order to do this, it is indispensable that the point or points in controversy be evolved and distinctly presented for decision. The common law and the civil law have different modes for accomplishing this purpose. The rules of common law pleading are designed to develop and present the precise point in dispute *upon the record itself,* without requiring any action on the part of the court for the purpose. The parties are required to plead alternately in writing until their respective allegations of affirmation and denial terminate in a single material issue, either of law or fact, the decision of which will dispose of the cause.' "

Certainty is essential to good pleading. Hillsborough Grocery Co. v. Leman, 62 Fla. 208, 56 South. Rep. 684.

Pleadings should be certain, clear and concise. Florida East Coast R. Co. v. Knowles, 68 Fla. 400, 67 South. Rep 122.

The test of sufficiency of a declaration is whether it alleges distinctly every fact essential to plaintiff's right of recovery with certainty, clearness and conciseness. Warner v. Goding, 91 Fla. 260, 107 South. Rep. 406; Triay v. Seals, 92 Fla. 310, 109 South. Rep. 427.

The rules of pleading are for the attainment of substantial justice and are to be construed so as to harmonize with it if possible, said this Court in Hartford Fire Ins. Co. v.

Hollis, 58 Fla. 268, 50 South. Rep. 985. Whatever the phrase may mean, justice requires that a man be apprised of the nature of the action against him so that he may prepare his defense and that end requires that under a demurrer a pleading must be construed most strictly against the pleader. See Herrin v. Brown, 44 Fla. 782, 33 South. Rep. 522; First Nat. Bank of St. Petersburg v. Ulmer, 66 Fla. 68, 63 South. Rep. 145; Standard Phosphate Co. v. Lunn, 66 Fla. 220, 63 South. Rep. 429.

There are no allegations in the declaration from which it may be determined whether the agreement on defendant's part to convey and the agreement on plaintiff's part to pay are independent or mutual and dependent.

The classification of covenants as to their mutuality and dependence as made by Lord Mansfield has possibly never been improved upon. He made three classes of covenants: 1, such as are mutual and independent, where separate actions lie for breaches on either side; 2, covenants which are conditions and are dependent on each other, in which the performance of one depends upon the prior performance of the other; 3, covenants which are mutual conditions to be performed at the same time, as to which the party who would maintain an action must in general offer or tender performance. See 11 Cyc. 1054.

It is impossible to say from the terms used in the declaration whether it was intended to show that the conditions, promises or agreements fall under either one of the above classifications.

Was the defendant to understand that the plaintiff had paid the entire purchase price of $29,000.00? If so the evidence wholly failed to prove it. Was he to understand that the plaintiff paid $1,000.00 which he was required to pay on May 1, 1929? If so, the evidence wholly failed to

prove that. Was he to understand that the conditions 'of payment of $1,000.00 and conveyance were dependent on each other? There is no allegation to that effect, nor does the contract in evidence show it to be otherwise, nor do the allegations show that the plaintiff offered to make that payment, or was able and willing to do so. So did the mere statement of the defendant that he would not perform the contract give rise to the cause of action and entitle the plaintiff to recover?

Taking the allegations of the declaration strictly against the pleader as the rule requires, the performance of the contract by the defendant was conditioned upon and subject to performance by the plaintiff in so far at least as the payment of the first $1,000.00 by the plaintiff was required to be made. In other words, the stipulations were dependent, in which case the failure of one party to perform will discharge the other and one cannot maintain an action against the other without showing performance or a tender of performance on his part unless such performance has been excused.

That rule is universally recognized in this country. See Otsott v. Merryman, 71 Fla. 352, 71 South. Rep. 278; Jones v. United States, 6 Otto 24, 24 L. Ed. 644; 6 R. C. L. 861.

The declaration in this case presents the question whether in the case of an executory agreement to sell land the vendor before the date for performance arrives states to the vendee that he will not perform, the vendee may treat the contract as breached in omnibus and immediately bring his action for damages as for a breach of the contract.

There are apparently two lines of decisions upon this very much confused and vexed question. One line of authorities rests upon the so-called English doctrine which holds to the

affirmative; the other rests upon what is claimed to be the better reasoning.

It may be admitted that apparently the greater number of jurisdictions in this country adhere to the English doctrine, but in many, if not all, cases the reasoning proceeds upon the assertion of the right of the promisee to have the contract kept open as a subsisting and effective contract and that impeached efficacy may be detrimental to his interests. Yet it is conceded that the mere declaration of a promisor before the date of performance that he does not intend to perform does not amount to a canceling or recission of the contract, because in all the cases where the subject is exhaustively treated it is conceded that the promisee may ignore the declaration and treat the contract as open and bring his action on the day the promisor was to perform, and that if he brings his action prior to that date he treats the rights of the parties as then culminating and the contractual relation ceases to exist except for the purpose of maintaining the action for recovery of damages.

There are also many qualifications of the rule as that in order to treat the renunciation as a breach the refusal to perform must be of the whole contract, or of a covenant going to the whole consideration and must be distinct, unequivocal and absolute; that the renunciation itself is not *ipso facto* a breach. It is not such unless it is so treated by the adverse party. The innocent party may make his choice between the two courses open to him but can neither confuse them nor take both. That a declaration by one party not to perform which is retracted almost immediately and before any declaration has been made or act done by the other party in respect to such renunciation and before injury has resulted therefrom to him; or a change in his situation or the condition of the subject matter has occurred does

not constitute a breach except in certain cases like a contract of marriage.   See 6 R. C. L. 1024.

In the case of Hall v. Northern & Southern Company, 55 Fla. 235, 46 South. Rep. 178, it was held that mere refusal to accept tendered payments of purchase money under a contract for the sale of real estate may effect the rights of the vendor, but it is not such a repudiation of the contract as gives the vendee a right of action for breach of the contract when the time for conveyance has not arrived.

In the case at bar the action was brought about ten or twelve days before the time for conveyance of the land by the vendor had arrived, in view of the interpretation which must be placed on the declaration under the demurrer.

Nor is the instant case within the rule announced in Stanley v. Anthony Farms, 93 Fla. 295, 112 South. Rep. 57, where before the time for conveyance the vendor gave notice that he would not carry out the contract and sold the land to a third party it was held that the vendee may immediately sue without tendering performance.

The cases of Hochster v. De la Tour, 2 E. & B. 678, and Frost v. Knight, L. R., 7 Exchequer Cases, 111, were probably the first in which the English doctrine was announced and although referred to in Roper v. Johnson, L. R., 8 C. P. Cases, 167, as a novel one was followed by several of the States but was disputed and denied in Daniel v. Newton, 114 Mass. 530, and never applied in the Supreme Court of the United States.   See Dingley v. Oler, 117 U. S. 490, 29 L. Ed. 984, 6 Sup. Ct. Rep. 850.

In Smoot's Case, 15 Wall. 36, 21 L. Ed. 107, Mr. Justice MILLER, speaking for the Court, quoted with approval the qualifications stated by Benjamin on Sales, 424, that " 'A mere assertion that the party will be unable, or will refuse to perform his contract, is not sufficient; it must be a distinct

and unequivocal absolute refusal to perform the promise, and must be treated and acted upon as such by the party to whom the promise was made; for if he afterwards continue to urge or demand a compliance with the contract, it is plain that he does not understand it to be at an end.'"

In the case of Behrman v. Max, 102 Fla. 1094, 137 South. Rep. 120, the averment in the declaration that the vendor advised and informed the plaintiff that he could not deliver the lots and failed and refused to deliver them although the plaintiff was at all times ready and willing and able to do and perform all things necessary to be performed on his part, was held to be good on authority of Stanley v. Anthony Farms, *supra,* but it is apparent that the case is not analogous because in the last cited case the vendor not only gave notice to the vendee that he would not carry out the contract but actually sold the land to a third party, which showed a distinct, unequivocal and absolute refusal to comply with the agreement.

In such circumstances this Court followed the English rule but in the Behrman v. Max case, *supra,* that rule was extended even beyond the scope of the English rule by holding seemingly that where the vendor prior to the date fixed for the conveyance by him "advised and informed the plaintiff (vendee) that he could not deliver the said lots and failed and refused to deliver the same" the plaintiff vendee being at all times ready, willing and able to perform, constituted a breach of the contract which entitled the vendee immediately to bring an action for damages for its breach.

A careful reading of the cases cited in the Behrman case to that point, *viz:* Thomas v. Walden, 57 Fla. 234, 48 South. Rep. 746; Duval Inv. Co. v. Stockton, 54 Fla. 296, 45 South. Rep. 497,; Sullivan v. McMillan, 26 Fla. 543, 8 South. Rep. 450; Key v. Alexander, 91 Fla. 975, 108 South.

Rep. 883, shows that the rule as expressed in the Behrman case is not announced in those cases.

As to the rule that the law does not require one to do a vain and useless act as a prerequisite to the institution of an action for breach of a contract the Behrman case, *supra,* is not criticized, but the point here insisted upon is that before the act to be done as a prerequisite to the action for breach of the contract may be said to be a "vain and useless thing to do" it must appear distinctly, unequivocally, absolutely.

If the vendor has no title to the land he has contracted to sell and is unable to deliver on the date he contracted to sell, or gives an excuse in bad faith for failing to convey as in the Key v. Alexander case, *supra,* or divests himself of title to a third person thus rendering it impossible to convey a good title to the vendee as in the Stanley v. Anthony Farms case, *supra,* or where the contract was an entire one and the vendor did not have title to a considerable portion of the land and could not within a reasonable time acquire title thereto as in the Thomas v. Walden case, *supra,* then the rule as announced in the Behrman v. Max case, *supra,* as to not requiring the doing of a vain and useless thing applies.

The better rule, and the one which we think should obtain in this jurisdiction is that a mere statement by the vendor before the date fixed in the contract for him to perform that he does not intend to carry out his agreement does not give to the vendee an immediate cause of action and entitle him to bring an action at once as for a breach of the contract unless the anticipatory breach is accompanied by some fact which shows a direct, unequivocal and absolute purpose to breach the contract amounting in substance to an actual breach. In so far as the decision in the

Behrman v. Max case may be regarded as holding to the contrary it is overruled.

There is a distinction between a suit for the recission of a contract and an action for its breach. Where there has been a mutual recission of a contract, as where before the time fixed for performance one party declares his intention not to perform and the other accepts the declaration and treats the contract as rescinded the latter may maintain his action as for a *quantum meruit* for whatever he may have parted with in performance of the contract. If the declaration was good upon this theory the evidence wholly fails to sustain such an action and the judgment must be reversed on that account. Such, however, was not the purpose of the action, nor was it so regarded at the trial, nor do the allegations of the declaration construed strictly against the pleader·support such a theory. Treating the declaration therefore as one in an action for damages for breach of a contract, we will apply the rule which we think is the one more justified by reason than the so-called English or majority rule.

Even in the case of Hochster v. De la Tour, *supra,* the case which is supposed to have been the source of the so-called English modern rule, the doctrine is recognized that until time for the performance of a contract has arrived there can be no breach. The rule was recognized by the court speaking through Lord Campbell in referring to it as not being a *universal* rule. The court then applied the exception to the rule. Other English cases following recognized the general rule and some referred to the rule announced in the Hochster case as applicable to the facts in that case as a novel one. ·

When a party to an agreement announces prior to the time fixed in the contract for performance by him that he

will not perform, it is exceedingly difficult to perceive how or in what manner the interests of the other party to the contract are affected adversely. He may ignore the declaration and hold the contract open until time for the performance of it by the vendor arrives. If at the time the vendee receives notice of the other's intention not to perform the time for performance by the person notified has arrived then such a situation amounts to a breach, but that is not the case here nor is such a case shown by the declaration.

The person notified may treat the notice as an offer to rescind and accept it and bring his action as for a quantum meruit for anything of value he may have paid or any service performed under the agreement, but if he accepts such notice as an offer to rescind and acts upon it then the contract is no longer in existence. How then may he bring an action for its breach?

There appears to be a great number of cases from other jurisdictions a superficial examination of which leads one to the opinion that they are in accord with the English doctrine, but a careful review of all the authorities will disclose that there are very few in fact expressly and unequivocally upholding the doctrine.

A most exhaustive and learned discussion of the subject may be found in the case of Sanford v. McGill, 6 N. D. 536, 72 N. F. Rep. 938, 38 L. R. A. 760, in an opinion by Mr. Chief Justice CORLISS of that Court. We refer to the opinion in that case as announcing the correct rule and adopt it as applicable in this State.

In the case of Sullivan v. McMillan, *supra*, Mr. Chief Justice RANEY, speaking for the Court, referred to the case of Daniels v. Newton, 114 Mass. 530, 19 Am. Rep. 384, decided in 1874, and said that the opinion by "Wells, J.,

speaking for the court" expressed the view "with great force the necessity for careful consideration (when the precise question shall be before us), whether a refusal by one party to perform, creates in the other party a right to sue before the time fixed by the contract for performance, as distinguished from such refusal having the effect merely to relieve the latter party from showing readiness and an offer to perform his part in order to make out a breach by the latter."

The learned Chief Justice referred to the case of Hochster v. De la Tour, *supra*, and Frost v. Knight, *supra*, and said that the case at bar however does not "call for an expression of opinion as between the doctrine of Hochster v. De la Tour, and that of Daniels v. Newton. It rests upon another and unquestionable doctrine. The time for performance was on when the breach complained of was committed. The contract was entire and not severable in its character, and had been performed in part at least, and upon a breach of the entire contract, it being committed by defendant while the plaintiff was ready and willing to perform, the latter became entitled to recover in one action the same damages as if he had fully performed his contract."

Holding to the views expressed above we are of the opinion that the demurrer to the declaration was improperly overruled; that the declaration stated no cause of action; that the judgment therefore should be reversed with leave to the plaintiff to amend his declaration if he so desires.

The judgment is reversed in the common law action and the bill of complaint in the equitable suit is dismissed.

Davis, C. J., and Terrell, J., concur.

Whitfield, P. J., and Buford, J., concur in the opinion and judgment.