MATHEWS, Justice. '
This is an appeal from a declaratory decree. The suit was brought by an escrow holder against two contracting parties. The appellees, Krieger and Garber, agreed to lease certain property located on Collins Avenue in Miami Beach, as lessees, from the appellant, and to deliver to the appellee, Wimbish, a certain check for $5,000. The appellant agreed to apply for a first mortgage loan on the property involved for $40,000, payable in not less than ten years, the expense of which was to be paid by Krieger and Garber, and if such commitment was not obtained by the appellant within seven days, the sum or fsums of money paid to Wimbish, as Escrow Agent, should be paid over to the appellees, Krieger and Garber, and the contract should then become void and of no further effect.
The record ■ shows that immediately after the contract was executed, Krieger received the keys and went into possession of the property. He made some repairs, did some painting, took down the “For Lease” sign, and made preparations to open up the restaurant for business. On the 23d of January, 1952, Garber deposited with Wimbish, the -Escrow Agent, a Treasurer’s Check for $5,000. Thereafter, conflicting demands were made upon Wimbish, the Escrow Agent, for the posséssion of the Treasurer’s Check for $5,000, and he was willing to deliver the check to such persons as the Court might determine to be entitled thereto.
The Court appointed a Special Master who found that under the contract and escrow agreement, the appellant was obligated to procure a mortgage commitment within the seven-day period starting on January 18, 1952, but had failed to comply with this provision of the contract and was, therefore, guilty :of a breach of this condition, and that the option .lay with Krieger to declare the same cancelled by reason of such breach and Krieger was entitled to the return of the Treasurer’s Check in the amount of $5,000, held by Wimbish, as Escrow Agent.
*835 The appellant filed exceptions to the report of the Special Master, which, were overruled, and the Chancellor entered his final decree. In the final decree the Chancellor found that Krieger and Garber entered into said contract and went into possession of the premises and remained in possession until the 26th day of January, 1952, when he notified the appellant by registered letter that he was terminating the contract for failure on the part of the appellant to perform under the contract by its failure to furnish a commitment loan. The Chancellor further found that on the 25th day of January, 1952, before the time had expired under the contract for submitting the commitment for a loan, Krieger had notified the appellant at the end of a conference that he was terminating the contract because of the opposition of his wife and that the appellant should have furnished a commitment for the loan before he was so notified. The Chancellor thén ordered the Treasurer’s Check returned to Krieger and Garber and discharged Garber from any liability.
The record shows that after the time the Escrow Agent Wimbish accepted the $5,000 Treasurer’s Check, the appellee Krieger had some doubt about the advisability of proceeding with his contract and requested a conference with the representative of the appellant. This conference was held on January 25, 1952 in the office of Wimbish, the Real Estate Broker and Escrow Agent. At this conference, Krieger wanted a modification of the contract and escrow agreement, seeking easier terms. The details of the modification of the contract were agreed upon and were reduced to a written memorandum to be put in final form by Attorney Esslinger. Under the terms of this modified agreement, the necessity of the appellant obtaining a loan commitment, as provided for in the original contract, was eliminated and it was agreed that the appellant would carry the entire unpaid purchase price in the form of a purchase-money mortgage, payable over a period of fourteen years instead of ten years, and also saving to Krieger and Garber the mortgage expense which would have been necessary, and which they agreed to pay on the ten-year mortgage, a'commitment for which was to be secured by the appellant. During this conference, Krieger and Gar-ber left the main room and went into another room and talked privately, after which Krieger was called to the telephone. He then returned to the conference and stated he was not going to be able to close the transaction and said: “We don’t have sufficient funds without financial assistance from my wife,: and she controls my purse-strings, and so I am going to be unable * * * and we are going to be unable to carry out this contract at all.” The representative of the appellant stated that he was ready, able and willing to carry out the original contract already signed, or to carry out the contract, as modified.
At no time does it appear that Krieger announced he would not be able to go through with the deal because the loan commitment had not been furnished but it was' called off simply and solely because of objections of his wife. All of this took place within the seven-day period allowed to get the loan commitment and after the appellant, at the request of Krieger, had agreed to carry the balance of the purchase price itself in the event the option was exercised.
The appellant insists that the necessity for a mortgage loan commitment was eliminated by the subsequent agreement arrived at during the conference on January 25, 1952, and before the time for securing such commitment had expired.
. The appellant was not required to do a “vain and useless” thing, and this is especially true when he had agreed to terms making the commitment loan unnecessary at the request of Krieger. Behrman v. Max, 102 Fla. 1094, 137 So. 120.
The record shows that the necessity for a commitment loan was eliminated by making the modified agreement, requested by Krieger and for his benefit, 'by saving the cost of securing a loan, with easier purchase price terms. Krieger still being dissatisfied, gave as his excuse for not going through with the contract supposed ob *836 jections of his wife. Such conduct was condemned by this Court in the cases of Walker & McClelland v. Chancey, 96 Fla. 82, 117 So. 705; Hart v. Pierce, 98 Fla. 1087, 125 So. 243; and Slaughter v. Barnett, 114 Fla. 352, 154 So. 134, 102 A.L.R. 1073.
There does not appear to be any material conflicts with reference to the testimony upon which the decree of the lower Court is based. There is a mis-application of the law. The decree of the Chancellor should be set aside and a new decree entered in accordance with this opinion. .
Reversed.
ROBERTS, C. J., and TERRELL and SEBRING, JJ., concur.