MORROW, R. O., Associate Judge.
This is an appeal from an order requiring a remittitur, or in the alternative granting a new trial, upon the issue of damages only in a suit for malicious prosecution and abuse of process. The plaintiff George Brewer sued the defendant Sun Ray Drug Company of Florida, Inc., for damages resulting from the defendant’s charge against the plaintiff of the crime of embezzlement. The plaintiff was arrested, placed in jail, released on $1,000 bail, and-some two months later the charge against him was dismissed by the . Justice of Peace. Thereafter this case was instituted and tried and the jury returned a verdict for the plaintiff of $25,000 damages, plus $2,000 punitive damages, thereupon the following order was entered:
“This cause coming on to be heard upon defendant’s motion for a directed verdict or in the alternative, a new trial and the Court having heard argument on said motion, considered the memo-randa furnished by counsel, the record and testimony in this case; and the Court being of the opinion that the jury acted within its sound discretion in deciding the question of liability adversely to the defendant and in awarding punitive damages in the amount of Two Thousand and 00/100 ($2,000.00) Dollars against the Defendant, but the Court being of the opinion that despite the jury’s wide latitude when questions of embarrassment, humiliation and mental anguish are in *370 volved this Court cannot in good conscience approve an award of compensatory damages in this case in excess of Ten Thousand and 00/100 ($10,-000.00) Dollars. It is therefore
“Considered, ordered and adjudged as follows:
“1) That defendant’s motion for a directed verdict is hereby denied.
“2) That defendant’s alternative motion for a new trial is denied in the •event the plaintiff shall, within ten (10) days, file a remittitur in the amount of Fifteen Thousand and 00/100 ($15,->000.00) Dollars.
“3) That in the event the plaintiff shall fail to file such remittitur in the amount of Fifteen Thousand and 00/100 ($15,000.00) Dollars within ten (10) days, the motion for a new trial will he granted on the question of damages only.”
The sole question is stated as follows : “Did the Court err in entering the above Order requiring the plaintiff to suffer a remittitur of $15,000.00 or stand a new trial?” The plaintiff relies strongly on the case of Maiborne v. Kuntz, Fla., 56 So.2d 720, wherein the Supreme Court of Florida reversed the trial Judge, who had directed a remittitur of $9,000 to be taken by the plaintiff, the verdict being for $10,000. It is noted that this is 9/10 of the verdict, which is not a circumstance of this case. Courts should be particularly reluctant to interfere with a just award of damages in an action for malicious prosecution, in that there can be no very exact measure of damages applied, nonetheless the Court has the discretion and the responsibility to order a remittitur where the verdict is excessive and not substantiated by the evidence. In the case of Atlantic Coastline Railroad v. Moore, 135 Fla. 485, 181 So. 374, 186 So. 210, 216, the Supreme Court of Florida has given a concise statement of the law as to entering remittiturs, to-wit:
“This court has repeatedly entered remittiturs to correct excessive verdicts, but such procedure is warranted only in cases where there is a clear showing of misguided judgment in reaching the verdict, or where the proper elements that control the making of the verdict are not shown to have been present.”
A trial by jury in a Court of competent jurisdiction is the forum wherein persons may seek and recover adequate, full and just compensation for damages sustained, but it is not a forum in which one may spin the wheel of fortune and receive compensation which is excessive of adequate full and just recompense.
The record does not disclose that the trial judge abused his discretion or avoided his responsibility.
The order appealed from is affirmed.
Affirmed.
ALLEN, Acting Chief Judge, and SHANNON, J., concur.