348 So.2d 1190 (1977)
William S. HAMILTON, Appellants,
v.
BANK OF PALM BEACH AND TRUST COMPANY, Etc., et al., Appellees.
No. 76-1465.
District Court of Appeal of Florida, Fourth District.
July 15, 1977.
H. Bryant Sims, Moore, Winkel, Sims & Kenney, Palm Beach, for appellants.
*1191 George W. Cornell, Mahoney, McNulty & McCarthy, Boca Raton, for appellees David Carey Woll, Administrator of the Estate of Cynthia W. Geddes, deceased, and J. Albert Woll.
H.D. Faust, Burns, Middleton, Farrell & Faust, Palm Beach, for appellee Bank of Palm Beach and Trust Co.
DOWNEY, Judge.
We have for review a summary final judgment foreclosing a mortgage. We find genuine issues of fact which preclude summary judgment against the appellant and reverse.
In material part, the complaint alleged that (a) the appellee Bank was the owner and holder of a promissory note and mortgage encumbering the real property in question and that said note was in default; (b) appellant William S. Hamilton might claim some interest in said property by virtue of a notice of lis pendens recorded in the public records of Palm Beach County; and (c) appellant's interest, if any, in the property was subject and inferior to the Bank's mortgage lien.
Appellant filed an answer which stated "that the [appellant] is without knowledge as to all allegations in said Complaint, and therefore, denies same and demands strict proof thereof."
The Bank moved for summary judgment and attached several affidavits which clearly demonstrated there was no genuine issue of fact as to the ownership of the note and mortgage, the default, and the Bank's right to foreclose the mortgagor's interest in the property. However, not a scintilla of evidence was offered to show that Hamilton's asserted interest in the property was inferior to the Bank's mortgage. The cases are legion and need no citation that the burden of proof on motion for summary judgment is upon the movant to affirmatively demonstrate that none of the issues of fact ostensibly raised by the pleadings is in actuality in dispute. Until the movant adduces some proof that no issue raised by the non-movant's pleading is genuine the non-movant need not file any proof to oppose the motion.
Appellees contend in their brief that:
"Mr. Hamilton failed to offer any affirmative defense in his answer and likewise failed to direct any counterclaim or crossclaim against any defendant, if he had any grounds for doing so and from that point on he was in default in his pleading of any affirmative matters.
"In addition, the defendant, William S. Hamilton, defaulted when the plaintiff made a motion for summary judgment on or about May 12, 1976. A copy of the motion and the supporting affidavits were served upon the attorney of record, for William S. Hamilton and no defense was interposed by appellant to the motion for summary judgment."
* * * * * *
"Whether the Plaintiff in its complaint had alleged Mr. Hamilton had a one-half interest in the property or whether he might `claim some interest in and to the aforesaid described real property . .' as alleged in the complaint is immaterial as a practical matter for all purposes of this action and this appeal.
"The burden was on defendant Hamilton to protect his own interests and not to rely upon the mortgagee to recognize decide or acknowledge that he had an undivided half interest which the mortgagee could not know and which was entirely secondary to the rights of the mortgagee based upon its purchase money mortgage."
Finally, in the conclusion to their brief appellees state:
"After the commencement of the foreclosure action the record does not show that the Appellant made any payments on the account of the mortgage or on the arrears. He advanced no affirmative defense in his answer to the complaint, he did not oppose the application for summary judgment and cannot now be heard to bring up matters on appeal which as he claims might have been brought up in his pleadings."
*1192 It appears to us that appellees' contentions miss the mark. Appellant filed an answer which put in issue the allegations of the Bank's Complaint vis-a-vis the appellants. An affirmative defense or counterclaim was not necessary. With the pleadings in that posture the burden of proof was upon the Bank and until the Bank as the movant for summary judgment adduced some evidence that its mortgage was superior to appellant's claim, appellant was required to do nothing. This case is a classic example of the failure of the movant to show that the paper issue raised by appellant's answer is not genuine. Having failed to make that showing the entry of a summary judgment against Hamilton was improper.
Accordingly, the summary final judgment appealed from is reversed as to appellant and the cause is remanded for further proceedings.
REVERSED AND REMANDED, with directions.
CROSS and ANSTEAD, JJ., concur.