351 So.2d 368 (1977)
Robert G. FERSLEW and Phyliss Ferslew, Appellants,
v.
Anna RELAFORD, Appellee.
No. DD-365.
District Court of Appeal of Florida, First District.
October 25, 1977.
Rehearing Denied November 18, 1977.
*369 Brent W. Turbow and Arthur T. Boone, Jacksonville, for appellants.
Ellis E. Neder, Jr., Jacksonville, for appellee.
PER CURIAM.
Appellants appeal the lower court's order of remittitur, following the entry of a verdict in their favor for damages resulting from appellee's refusal to renew their lease; appellee appeals the denial of her motion for directed verdict. As to appellant's claim, having considered the record we determine no abuse of discretion has been shown. E.g., Brewer v. Sun Ray Drug Company of Fla., 105 So.2d 369 (Fla. 2nd DCA 1958); Price v. Jordan, 115 So.2d 444 (Fla. 2nd DCA 1959).
As to appellee's cross-appeal, we also find no reversible error. We will, however, address two points raised by appellee. She first urges the lower court erred in denying her motion for directed verdict on the ground appellants failed to show at the time they exercised their option to renew the lease they had not defaulted under any of the terms of the lease, alleging that appellants, had not shown they maintained insurance on the premises or paid any excess ad valorem taxes, as required by the lease. Nevertheless, appellee failed to complain of any of the alleged defaults within a reasonable time. "It is a well recognized principle in the law of contracts that the strict performance of the contract may be waived, ... ." Livingston v. Malever, 103 Fla. 200, 137 So. 113, 116 (1931).
Appellee additionally complains the trial court erred in denying her motion for directed verdict since appellants did not provide her with written notice of their intention to exercise their option to renew as required by Paragraph 17 of the lease. The record shows that such written notice would have been useless since appellee had already indicated she would not allow renewal. Where one party to an executory contract informs the other, before the time for consummation arrives, he will not perform his part of the contract, it is unnecessary for the other party to take further action. Behrman v. Max, 102 Fla. 1094, 137 So. 120 (1931).
AFFIRMED.
BOYER, Acting C.J., and MILLS and ERVIN, JJ., concur.