PEARSON, Judge.
Guillermo Sostchin, one of the defendants in a suit to foreclose a mortgage on real property, known as the Cactus Motel, appeals a summary judgment foreclosing the mortgage and declaring the mortgage superior to any claim of Sostchin. The owners, individuals doing business as the Cactus Motel, have not appealed. Sostchin allegedly owns an option to purchase the motel. He was made a defendant because of his claimed interest in the property.
On March 13, 1975, for a consideration of $10,000.00, Sostchin entered into an option agreement to purchase the motel. The agreement on its face stated that the expiration date of the option was April 1, 1976. The agreement provided:
“The expiration date of this Option shall be April 1,1976, and Purchaser shall noti *1126 fy Seller in writing of his intention to exercise the Option, no later than March 1, 1976.”
On November 4, 1975, the owners executed a note and mortgage to appellee, Continental Bank. The Bank recognized the existence of the outstanding option by an addendum to an assignment of the seller’s rights under the option agreement to the Bank. The addendum was as follows:
“1. It is expressly understood and agreed that nothing contained on this document shall either reduce, enlarge, diminish or change any of the rights that Bill Sostchin, as Trustee, has under the option for Purchase Agreement referred to in this document.
“2. It is also agreed by Continental National Bank of Miami that upon payment of the loan outstanding and referred to in this document, it shall execute whatever documents are necessary so that Bill Sostchin, as Trustee, shall have good title to the property in the event Bill Sostchin, as Trustee, exercises the Option Agreement.”
On December 7, 1976, the Bank filed its amended complaint to foreclose the mortgage, which was in default. Appellant Sostchin was named a defendant upon an allegation that:
“10. Bill Sostchin, as Trustee, may claim some interest in the property by an option to purchase the property which was recorded in the Dade County Official Records Book on May 24, 1975. It is attached as exhibit 5.
“11. All right, title, and interest to the property claimed by Bill Sostchin, as Trustee, is inferior, subordinate, and junior to the mortgage of Continental National Bank of Miami.
“12. On November 4, 1975 all parties to this litigation executed an assignment agreement regarding the option to purchase (exhibit 5). The assignment agreement is attached as exhibit 6.”
Sostchin answered the complaint without an affirmative defense or a prayer for relief. He admitted the existence of the option and denied that his claim was inferior to that of the Bank. The Bank moved for a summary judgment against all defendants. As a ground for summary judgment against Sostchin, the Bank alleged that the “option to purchase agreement states on its face that it expired on April 1, 1976.”
Sostchin filed a counter-affidavit in opposition to the motion for summary judgment in which he alleged that he had “executed” the option agreement by a letter dated February 26, 1976. A copy of a letter was attached. The letter was to the escrow agent for the deposit of funds for the purchase of the motel. The letter stated that Sostchin “. . . intended] to exercise the option” and requested the delivery of a completed abstract. Thereupon, Sostchin also moved for summary judgment in his favor. He also filed a motion for leave to file a counterclaim against the owners for breach of the option agreement.
The trial judge struck Sostchin’s amended affidavit upon the motion of the plaintiff Bank, on the ground that it was untimely and that it set forth defenses not alleged in his answer. After a hearing, the court entered a summary judgment of foreclosure against all defendants and granted Sostchin’s motion to file a cross-claim against the owners.
We conclude that the trial court properly struck the amended affidavit of Sostchin on the ground that it was untimely. That left Sostchin’s first affidavit filed, which stated as a legal conclusion that he had exercised the option; was ready, able and willing to close, but that the owners refused to close. The Bank urges that no genuine issue of material fact was presented for this reason and because the affidavit sought to raise affirmative defenses not pleaded in the answer.
The only material issue between the Bank and Sostchin was made by the Bank’s allegation in its complaint that its mortgage was superior in right to any right of Sostchin. This allegation was denied by Sostchin’s answer. The Bank urges that it sufficiently discharged its requirement to prove the issue by the fact that the option *1127 agreement, which was attached to the complaint, expired prior to the filing of the complaint to foreclose. Sostchin urges that his allegation of a bona fide effort to purchase the property prior to the expiration date of the option agreement, creates a genuine issue.
We hold that a genuine issue of material fact is shown by the pleadings and the affidavits on file. The fact that the time for the exercise of the option to purchase had expired by the time of the foreclosure does not, of itself, show that the option was without legal effect. Cf. the considerations of law in Behrman v. Max, 102 Fla. 1094, 137 So. 120, 122 (1931).
In Hamilton v. Bank of Palm Beach & Trust Co., 348 So.2d 1190 (Fla. 4th DCA 1977), the court dealt with a similar situation and held that where the defendant filed an answer which put in issue the allegations of the complaint, an affirmative defense or counterclaim was not necessary. The burden of proof was upon the Bank, and the Bank did not present evidence that its claim was superior to that of the defendant as it alleged.
The summary judgment is reversed as to the defendant Sostchin. The cause is remanded for further proceedings in accordance with the views herein expressed.
Reversed and remanded.