## THOMPSON v WALLACE
### Case No. MS-98-17391-RF
County Court, Palm Beach County

February 23, 1988

### APPEARANCES OF COUNSEL

**James Conway,** Ackerman, Bakst, Gundlach, Lauer & Zwickel, P.A., for plaintiff.

**Pearlena Wallace,** pro se.

### OPINION OF THE COURT

ROBERT M. GROSS, County Judge.

This case came before the Court for nonjury trial on February 17, 1988. Both sides were present and the Court heard sworn testimony and reviewed documents introduced into evidence.

The issue in this case is whether Defendant is entitled to keep a $2,000.00 deposit sent by Plaintiff pursuant to an oral contract. In June, 1987, Plaintiff negotiated with Defendant for the purchase of Defendant's home on Robbins Avenue in West Palm Beach. Plaintiff asked Defendant to keep the home off the market for June and July.

Defendant agreed to do so, provided that Plaintiff send $2,000.00. Plaintiff sent a check for $2,000.00 along with a letter. The body of the letter stated as follows:

"Enclosed please find Certified Check No. 407 in the amount of $2,000.00 as binder on your house. I will be in contact with you as to when my daughter will be coming to look at the house. Thank you."

Defendant understood that the $2,000.00 payment would give Plaintiff an exclusive two month option on the house. Defendant understood the $2,000.00 to be nonrefundable, although it would be applied to the purchase price if Plaintiff decided to buy the home. Plaintiff disagrees that the $2,000.00 was nonrefundable and contends that the sale of the home was contingent upon her daughter's approval. In addition, Plaintiff argues that the oral agreement upon which Defendant relies is barred by the Statute of Frauds.

Section 725.01, Florida Statutes (1987) provides in pertinent part as follows:

No action may be brought . . . upon any contract for the sale of lands . . . or of any uncertain interest in or concerning them . . . unless the agreement or promise upon which such action shall be brought, or some note or memorandum thereof shall be in writing and signed by the party to be charged therewith . . .

As an "interest" concerning a sale of land, the oral option contract relied upon by Defendant falls within the statute of frauds. *see, Coombs v Ouzounian,* 465 P.2d 356 (S. Ct. Utah 1970). Plaintiff's June letter fails to comply with the statute of frauds because it does not include the terms upon which Defendant relies to forfeit the deposit. *see, Swisher v Conrad,* 80 So. 564 (Fla. 1919). Moreover, the option contract as stated in the letter is too vague under Florida law to be enforceable. *Behrman v Max,* 137 So. 120 (Fla. 1931).

In sum, because Defendant did not reduce her option agreement with Plaintiff to writing, she may not retain Plaintiff's deposit. According, it is

ORDERED AND ADJUDGED that Plaintiff, MARGUERITE THOMPSON recovers from Defendant, PEARLENA WALLACE $2,000.00 in principal, $113.10 for prejudgment interest and $47.00 in court costs, for which let execution issue, with interest at 12% per annum.

DONE AND ORDERED in West Palm Beach, Florida this 23rd day of February, 1988.